Bazzo v. Wallace.

## SAME V. SAME.

1. **Appeal:** BOND. Where objection is made by motion to an appeal bond, the defect complained of must be specifically pointed out. It is not sufficient to object generally, as that the bond does not conform to the requirements of the statute.

2. ———: ———: AMENDMENT. An appeal bond duly filed and approved is not void, and if defective may be amended or a new bond given.

3. **Probate Matters:** APPEAL. An appeal will lie to the district court from any order, judgment, or decree of the county court, in all matters of probate jurisdiction.

4. ———: ———: BOND. The appeal bond is to be filed in thirty days from the date of the order or judgment appealed from, and the transcript to be filed in the district court within ten days after the expiration of the thirty days.

5. ———: STATUTE CONSTRUED. The act of Feb. 28, 1881, in relation to appeals from the decision of the county court in certain matters does not require a notice of appeal to be given to the adverse party.

6. ———: THE CONSENT of the county judge is unnecessary to obtain an appeal.

ERROR to the district court for Douglas county. Tried below before NEVILLE, J.

*George W. Doane, W. J. Connell,* and *E. W. Simeral,* for plaintiff in error.

*Howard B. Smith,* for defendants in error.

MAXWELL, J.

On the 10th day of January, 1883, the will of one Annie Wallace, deceased, was admitted to probate in the county court of Douglas county, the defendant being the executor. On the 16th of that month, the plaintiffs herein filed a bond in said court for an appeal to the district

court, which bond was duly approved. A transcript was duly filed in the district court on the 5th day of February following. At the next term of the district court, the attorney for the defendant filed a motion to dismiss the appeal for the following reasons:

1st. That no such bond for an appeal was given herein as is required by law.

2d. That no appeal bond has been given herein.

3d. That no transcript was filed in this court within the time required by law.

4th. That the notice of appeal in this case is not sufficient in law.

5th. That said notice of appeal was not served within the time required by law.

6th. That there has been filed in this court no proper evidence of the notice of appeal as required by law.

7th. That said appeal was not granted by the court below, as required by law.

8th. That appeal does not lie to this court from the county court in this case.

The motion was sustained, and the appeal dismissed.

The objections to the bond are too general to be considered. If a bond is defective in any particular, the party objecting should specifically point out the defect. It is not sufficient to object generally—as that the bond does not conform to the requirements of the statute. A bond filed and duly approved is not void, and even if defective, may be amended or a new bond given. *O'Dea v. Washington Co.*, 3 Neb., 122. *Casey v. Peebles*, 13 Id., 7. The objections to the bond therefore did not justify the court in dismissing the appeal.

2. Sec. 1 of "An act providing for an appeal from the decision of the county court in certain matters," approved February 28th, 1881, provides that "in all matters of probate jurisdiction appeals shall be allowed from any final order, judgment, or decree of the county court to the dis-

trict court by any person against whom any such order, judgment, or decree may be made, or who may be affected thereby." Comp. Stat., chap. 20, § 42.

The section above quoted provides that in *all* matters of probate jurisdiction an appeal will lie to the district court. This certainly includes the probate of a will.

3. Sec. 2 of the act above referred to, provides that an appeal shall be taken within thirty days after the decision complained of is made, and section 5 requires the county court on payment of fees, to transmit to the clerk of the district court a certified transcript within ten days after perfecting the appeal. That is, the appellant may file the bond for an appeal at any time within 30 days, and the transcript is to be filed in the district court within 10 days from the expiration of the 30 days, or within 40 days from the date of the order or judgment appealed from. *First National Bank v. Bartlett*, 8 Neb., 319.

4. The act of 1881 is a complete act in itself for the regulation of appeals in all matters of probate jurisdiction, and all that is necessary to perfect an appeal in such cases is to comply with the provisions of that act. No notice is required nor need be given, the filing and approval of the bond as in justices' courts being all the notice required. Nor has the county court any option in granting the appeal, it being a right possessed by every one against whom an order, judgment, or decree has been rendered, or may be affected thereby. As the plaintiffs come within this designation, they have the right to appeal.

The judgment of the district court is reversed, and the cause remanded to the district court for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.