| 25 | 267 |
| 27 | 861 |
| 25 | 267 |
| 60 | 598 |

---

W. H. MALICK, PLAINTIFF IN ERROR, v. ESTATE OF PATRICK McDERMOT, DEFENDANT IN ERROR.

1. **Probate**: APPEAL. The act providing for an appeal from the decision of the county court in certain matters, approved February 28, 1881, is complete in itself, and repeals by implication, so far as there is a conflict, sections 234, 235, 236, 237, and 238 of chapter 23 of the Compiled Statutes.

2. ———: ———: BOND. An appeal bond is to be filed within

thirty days from the date of the order or judgment appealed from, and no notice of an appeal is required. *Bazzo v. Wallace,* 16 Neb., 293.

ERROR to the district court for Harlan county. Tried below before GASLIN, J.

*A. F. Moore* and *John Dawson,* for plaintiff in error, cited : *Dobson v. Dobson,* 7 Neb., 296. *Rep. R. R. Co. v. McPherson,* 12 Neb., 480. *McIlhaney v. Holland,* 111 Penn. State, 634. *Horn v. Miller,* 20 Neb., 98. *Haas v. Leese,* 18 Kas., 450. *Hall v. Howard,* 39 Mich., 219.

*C. C. Flansburg,* for defendant in error, cited : *Johnson v. State,* 42 O. S., 207. *Hoagland v. Schnorr,* 17 O. S., 30. *Herig v. Nougaret,* 7 O. S., 480. *Hanes v. R. R. Co.,* 40 O. S., 95. Chap. 23, sections 234, 236, 237, p. 367, Comp. St. Neb., 1887.

MAXWELL, J.

Prior to the 19th day of April, 1887, the plaintiff filed a claim against the estate of Patrick McDermot. Objections were filed by the administrator against the claim, and a hearing had thereon on the 19th day of April, 1887. On behalf of the plaintiff in error it is claimed that the county judge took the matter under advisement for four days, and that he was then to notify them by mail of his decision. This, however, is denied by the county judge, and is not material in the case. The judgment was entered, as appears by the docket entries, April 19, 1887, disallowing the plaintiff's claim. On the 3d day of May, 1887, the plaintiff filed an appeal bond, which was duly approved. A transcript of the proceedings of the county court was duly filed in the district court, which, on motion of the attorney of defendant, was stricken from the docket, and the appeal dismissed upon two grounds : 1st, No appeal undertaking was filed within ten days after

the rendition of the judgment; and second, that there was no sufficient notice of the appeal. The motion was sustained, and the sustaining of the motion is now assigned in this court for error.

The "act providing for an appeal in the county court in certain matters," approved February 28, 1881, provides: "That in all matters of probate jurisdiction, appeals shall be allowed from any final order, judgment, or decree of the county court, to the district court, by any person against whom any such order, judgment, or decree may be made, or who may be affected thereby.

" All appeals shall be taken within thirty days after the decision complained of is made.

" Every party so appealing shall give bond in such sum as the court shall direct, with two or more good and sufficient sureties, to be approved by the court, conditioned that the appellant will prosecute such appeal to effect without unnecessary delay, and pay all debts, damages, and costs that may be adjudged against him. The bond shall be filed within thirty days from the rendition of such decision," etc. Comp. Stat., Ch. 20, Secs. 42, 43, 44.

The proper construction of this statute was before this court in *Bazzo v. Wallace*, 16 Neb., 293, and it was held that the act was complete in itself for the regulation of all appeals in matters of probate jurisdiction, and that all that is necessary to perfect an appeal in such cases is to comply with the provisions of that act. The decision, in our view, is correct, and will be adhered to. The party appealing, therefore, has thirty days from the rendition of the judgment in which to file his bond for an appeal. No notice of the taking of such appeal, except that derived from the filing of the bond, is required. The effect of the act of 1881 is to repeal by implication, so far as there is a conflict, sections 234, 235, 236, 237, and 238 of chapter 23 of the Compiled Statutes. The bond for an appeal in this case was properly filed within the time required by

law, and the court erred in dismissing the appeal. The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.