ELLEN A. DAVIS V. JOHN D. DAVIS, ADMINISTRA-
TOR, ETC.

[FILED NOVEMBER 20, 1889.]

</div>

County Court: APPEALS FROM: STATUTES: REPEAL. The act of of February 28, 1881, providing for an appeal from the decision of the county court, in certain matters, is complete in itself, and repeals by implication the conflicting provisions of sections 234, 235, 236, 237, and 238 of chapter 23 of Compiled Statutes. Under this act, *held*, that an appeal bond is to be filed, without further notice, within thirty days from the date of the order or judgment appealed from, and transcript of the proceedings of the county court to be transmitted to the clerk of the district court within ten days after filing the bond and perfecting the appeal. (*Malick v. McDermot's Estate*, 25 Neb., 268; *Bazzo v. Wallace*, 16 Neb., 293.)

ERROR to the district court for Douglas county.    Tried below before WAKELEY, J.

*Paul Charlton,* for plaintiff in error:

The appeal was taken and perfected in time. (Comp. Stats., ch. 20, secs. 42-46; *Casey v. Peebles,* 13 Neb., 7; *Bazzo v. Wallace,* 16 Neb., 293; *Morgan v. Stittigan,* 10 Western Law Journal, 74; *Geddes v. Rice,* 24 O. St., 60; *Wadsworth v. Wadsworth,* 15 Pac. Rep., 447; Code, sec. 895; *Monell v. Terwilliger,* 8 Neb., 362; *Roesink v. Monell,* Id., 146; *Glore v. Hare,* 4 Neb., 132; *Malick v. McDermot's Estate,* 25 Neb., 267.)    The act of February 28, 1881, comprising secs. 43-46, ch. 20, repealed by implication the act of 1873, relied on by defendant in error. (1 Shars. Blackstone, 88, notes 33, 34; Potter's Dwarris on Statutes, 113, note 9.)    Said act is mandatory and embraces every matter of probate jurisdiction.

*Mahoney, Minahan & Smyth,* for defendant in error:

The act of 1881, which, it is claimed, governs this case, is unconstitutional under sec. 11, art. 3, Const., in that it provides for the right of appeal, and for the forfeiture of the same; the latter subject not being expressed in the title.

COBB, J.

This proceeding is brought on error from the district court of Douglas county.

On August 9, 1888, the plaintiff in error filed her claim in the county court of said county against John D. Davis, administrator of the estate of Margaret Griffith, deceased, for boarding, lodging, and attendance in sickness of deceased from June, 1883, to January, 1888, amounting to $752.50, which, upon hearing, was disallowed December 6, 1888.

Davis v. Davis.

On December 24, following, application for leave to appeal was filed, and on January 2, following, an appeal bond was filed and approved by the county judge and on January 12, following, the transcript of the proceedings of the county court, together with the petition of the appellant, was filed in the district court, and process issued and was served on defendant.

On February 26, 1889, the defendant moved to dismiss the appeal for the reason that neither the bond, nor the transcript, was filed within the time provided by law; and on May 9, following, the defendant's motion was sustained and the appeal dismissed, to which the plaintiff excepted, and which is assigned as error in the proceedings in the court below.

The only question presented is that of the validity and sufficiency of the appeal. In the case of *Malick v. Estate of McDermot*, 25 Neb., 267, it was held that "The act providing for an appeal from the decision of the county court in certain matters, approved February 28, 1881, is complete in itself, and repeals by implication, so far as there is a conflict, sections 234, 235, 236, 237, and 238 of chapter 23 of the Compiled Statutes;" and that "An appeal bond is to be filed within thirty days from the date of the order or judgment appealed from, and no notice of an appeal is required." It appears from the record that the appeal bond in this case, in the county court, was filed and accepted on the second of January, 1889, twenty-seven days only after the date of the order and judgment of the court adverse to the plaintiff's claim. The act of February 28, 1881, provides: "In all matters of probate jurisdiction appeals shall be allowed from any final order, judgment, or decree of the county court to the district court, by any person against whom any such order, judgment, or decree, may be made, or who may be affected thereby. All appeals shall be taken within thirty days after the decision complained of is made." The bond was

therefore within the provisions of the statute, which further provides (sec. 5) that "when such appeal is taken, the county court shall, on payment of his fees therefor, transmit to the clerk of the district court, within ten days after perfecting such appeal, a certified transcript of the record and proceedings relative to the matter appealed from."

It further appears from the record that the transcript in this case was transmitted to the clerk of the district court on January 12, 1889, "within ten days after perfecting the appeal," in accordance with the act of February 28, 1881. The order of the district court was therefore erroneous, and is reversed, the appeal reinstated, and the cause is remanded for further proceedings in accordance with law.

<div align="center">JUDGMENT ACCORDINGLY.</div>

THE other Judges concur.