IN RE ESTATE OF MARIE GAMBLE.

EDWARD GAMBLE, APPELLEE, v. ESTATE OF MARIE GAMBLE, APPELLANT.

FILED APRIL 8, 1912.          No. 16,651.

1. **Executors and Administrators: CLAIMS AGAINST ESTATE: APPEAL.** Upon appeal from the allowance by the county court of a claim against the estate of a deceased person, the district court tries the case *de novo*, and must determine whether the claim was filed in time in the county court and whether an amendment allowed by the county court was such a departure from the original claim as amounts to filing a new and different claim after the time limited therefor had expired.

2. ———: ———: AMENDMENT. A claim filed in county court against the estate of a decedent alleged that the deceased, being liable upon two promissory notes, requested the claimant to pay the balance due thereon and agreed to repay him the amount so paid, and that he made the payment accordingly, and asked that the amount with interest be allowed against the estate. Claimant afterward asked leave to file an amended claim, which was in substance the same as the original claim, except that it alleged that upon the said payment by him the payee delivered the notes to the claimant, and that claimant then became and still is the holder of the notes and entitled to the money due thereon. *Held,* That the amendment was justly allowed.

3. **Bills and Notes: PAYMENT: EVIDENCE.** When the balance of a promissory note is received by the payee from one who is a stranger to the paper, the fact that the payee marked the note

"paid" is not conclusive; it is competent to prove by oral evidence that the person making the payment intended to hold the note as a liability of the maker, and that the note was so received by him at the time of making the payment, and without knowledge on his part at the time that the word "paid" had been written thereon.

4. **Pleading:** Defense of Coverture. Coverture is an affirmative defense and must be pleaded and proved or it is waived.

Appeal from the district court for Dodge county: Conrad Hollenbeck, Judge. *Affirmed.*

*Henry M. Kidder,* for appellant.

*George L. Loomis* and *H. C. Maynard, contra.*

Sedgwick, J.

The county court of Dodge county allowed a claim of Edward Gamble against the estate of Marie Gamble, his deceased wife. Upon appeal to the district court for that county the cause was tried to a jury, and the court instructed the jury to find a verdict in favor of the claimant, Edward Gamble, and an appeal has been taken to this court on behalf of the estate.

1. It appears from the record that the claim of Edward Gamble first filed alleged that Marie Gamble made and delivered to one Nicholas H. Schreiner two promissory notes, one for $150 and the other for $1,048.50, and that afterwards, the said notes having been paid only in part, this claimant, at the request of Marie Gamble, advanced and turned over in payment of the balance of the remaining note certain live stock of the value of $300, and that the said note was thereupon turned over by the payee therein to this claimant, and "that said Marie Gamble was to pay to said Edward Gamble said amount so paid by him, to wit, about $300, with interest thereon according to the tenor of said notes," and asked that his claim for $300 and interest be allowed against the estate. Some time afterwards, the county court having heard evidence

upon this claim and having taken the matter under advisement, the claimant asked to file "an amended petition and claim instanter." This amended claim described the notes as before, and alleged that they were secured by a mortgage, and that the mortgaged property had been taken and the value allowed upon the notes, and that there was still a payment due upon one of the notes of $300, which amount the claimant, at the request of Marie Gamble, advanced of his own money and paid to the payee of the note, who thereupon turned over and delivered said notes to this claimant, and that the claimant then became and still is the owner and holder of the said promissory notes, with interest thereon according to the terms of said notes. It appears that when this amended claim was offered an objection was made, among other things: "That the said amended petition and complaint does not state any new fact or allegation constituting a cause of action against the estate." The objection was overruled and the claim filed, and afterwards a motion was made to strike the amended claim from the files, "for the reason that said amended petition raises a new cause of action not alleged in the original claim filed herein." This objection that the amended claim raises a new cause of action becomes material in this case because, at the time when the amendment was filed, the time for filing claims against this estate had passed and claims not then filed were barred. Upon appeal to the district court this objection was renewed, and it was there insisted in behalf of the claimant that this question could not be raised upon appeal, and that alleged errors of the county court in the hearing of claims against an estate could only be reviewed in the district court upon petition in error. We think this objection was not well taken upon the part of the claimant. The record from the county court necessarily showed the nature of the original claim filed, and of the amendment and the date of filing the amendment. If the alleged amendment constituted a new claim and not an amendment of the old one, the district court must have found that it was barred, not having

been filed in time, and this question could be raised and determined upon appeal from the county court.

2. It will be noticed that the only change introduced by the amendment was to the effect that, when Mr. Gamble paid the amount due upon this note at the request of Mrs. Gamble, he did so expecting to hold the note himself as evidence, whereas in the original claim the allegation was that she agreed to repay him the amount which he paid for the note according to the tenor of the note. The identity of the transaction is preserved. The liability of Mrs. Gamble to this claimant arose from the fact that Mr. Gamble paid the balance of the note and so became substituted for the original payee, and the allegation that he intended to and did take the note and hold it as evidence of the existing liability does not change the origin and basis of the claim which he makes. We think that the county court was right in allowing the amendment.

3. It is contended that the evidence shows that Mr. Gamble paid the debt as a voluntary payment and that the notes were canceled and surrendered upon that payment. The oral testimony, as contained in the bill of exceptions, is not conflicting. The question upon this point as presented in the briefs is one of law upon the construction of the facts as established by the evidence. It appears that, when the property was taken under the chattel mortgage which secured these notes, a settlement of the whole matter was made in the office of Mr. Loomis, an attorney at law, who was acting at that time solely for the mortgagee; the mortgagee and other parties interested in the matter being present. The evidence shows that when Mr. Gamble paid the balance of the notes to the mortgagee, Mr. Loomis, acting then for the mortgagee, wrote across the face of the notes: "Paid. January 23, 1904," and turned the notes over to Mr. Gamble. Mr. Gamble testified that he did not know that the notes were so marked until "after I took possession of the notes." And Mr. Loomis testified that he so marked them without the knowledge or consent of Mr. Gamble, and simply by force of habit in the interest of the

mortgagee whom he was representing. Ordinarily when one, who is not connected with or interested in negotiable papers, pays the amount thereof to the holder, the presumption is, in the absence of evidence indicating the contrary, that he becomes the holder of the paper himself, and we think that the district court was right in holding that under this evidence Mr. Gamble became the holder of this note and was entitled to present the same as a claim against this estate.

4. It is suggested that, the decedent being a married woman at the time the notes were given, her estate is not liable thereon, there being no evidence that she executed the notes with reference to her separate estate. The record does not show that any such question was raised in the county court, nor in the district court. The defense of coverture must be pleaded, and we cannot now determine that the district court was wrong upon this point.

The judgment of the district court is

AFFIRMED.

REESE, C. J., not sitting.