IN RE ESTATE OF WILLIAM HOFERER.
CHARLES C. BERLIN, APPELLANT, V. HENRY SCHWARTZ, ADMINISTRATOR, APPELLEE.

FILED DECEMBER 9, 1927. No. 25787.

255

*Peterson & Barta,* for appellant.

*M. F. Harrington* and *J. F. Green, contra.*

Heard before GOSS, C. J., DAY, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

GOOD, J.

This proceeding was begun in the county court of Knox county, to obtain permission to file and have examined and

adjudicated a claim against the estate of William Hoferer, Sr., deceased. The application was denied and an appeal taken to the district court, where a general demurrer to plaintiff's amended petition was sustained and the proceeding dismissed. Plaintiff has lodged in this court an appeal, as a case stated, under rule 9c of this court.

The record discloses the following pertinent facts out of which this controversy arises: William Hoferer, Sr., a resident of Knox county, Nebraska, departed this life, testate, on the 23d day of April, 1924, and, at the time, he and his son, Henry Hoferer, were indebted in the sum of $4,000 upon a promissory note to the plaintiff, Charles C. Berlin, who was a resident of Tripoli, Iowa. Thereafter, the will of William Hoferer, Sr., was admitted to probate and Henry Schwartz was appointed executor. Schwartz gave an official bond, with two sureties, which was approved by the county judge. The sureties did not qualify in the manner prescribed by sections 9522, 9523, Comp. St. 1922, as amended by chapter 112, Laws 1923. The county court made and entered an order fixing October 6, 1924, as the time within which creditors were required to present claims against the estate of decedent for examination and adjudication. October 7, 1924, the county court entered an order forever barring all claims against said estate not previously filed. On February 19, 1925, plaintiff filed his petition in the county court of Knox county, praying permission to file and have adjudicated his claim, based upon said promissory note.

Some time previous to the 28th of July, 1924, plaintiff learned of the demise of William Hoferer, Sr., and on the last-mentioned date wrote a letter to William Hoferer, Jr., a son of decedent, apparently making inquiries concerning the estate of decedent and the payment of his note. To this letter William Hoferer, Jr., replied under date of August 4, 1924, and, among other things, stated: "I am looking after the administrator part, there is not much cash on hand, as we will have to sell some land before he (meaning Henry Hoferer) can get any money." Plaintiff alleges

that this letter induced him to believe that William Hoferer, Jr., was administrator of deceased's estate and looking after the same. Pursuant to this letter, plaintiff, on the 21st day of October, 1924, mailed to William Hoferer, Jr., his claim and requested its filing. On December 30, 1924, plaintiff received a letter from Henry Hoferer, one of the makers of said promissory note, in which, among other things, he wrote: "Note is filed in estate and I hope we will be able to take care of it real soon as we are planning to sell one farm and the store building. Now I don't want you folks to worry as this will be taken care of just as soon as we can sell anything at all." Plaintiff alleges that this letter caused him to believe that his claim had been duly filed in compliance with law, and he relied thereon until on January 6, 1925, he received another letter from William Hoferer, Jr., which is as follows: "Charles C. Berlin—Kindly make out a new claim against the Hoferer estate as H. Schwartz is Admr. Exec. of Estate and sent (send) same to R. S. Cook, County Judge, Center, Nebr." On January 7, 1925, plaintiff mailed to the county judge of Knox county, to be filed, a claim in proper form. The county judge refused to file it, because presented too late, and, as above stated, on February 19, 1925, plaintiff filed his petition in the county court, setting forth the facts as stated, and praying that the court find that plaintiff was prevented from filing his claim within due time by fraud and misrepresentation on the part of the beneficiaries of said estate, and that the court enter an order or decree permitting the filing of said claim; that the same be adjudicated according to law, and that the order barring the filing of said claim be reversed and set aside.

The following questions are presented by this appeal:

(1) Is a county court empowered to make and enter a valid order, limiting the time within which creditors of a decedent are required to file their claims for examination and adjudication, if the sureties on the official bond of the executor or administrator have not made affidavit as to their qualifications, pursuant to the provisions of sections

9522 and 9523, Comp. St. 1922, as amended by chapter 112, Laws 1923?

(2) Will the misconduct or fraudulent acts of a beneficiary of a testate decedent which prevent a creditor of decedent from filing his claim within the time limited by the order of the county court give to such creditor the right to apply for an order extending the time for filing his claim, where such application is not made until more than three months after the expiration of the time fixed in the order of the county court for filing claims?

Section 1336, Comp. St. 1922, makes it the duty of the county judge, within 40 days after the issuance of letters testamentary or of administration, to give notice of the date for the hearing of claims against the deceased and the limit of time for the presentation of claims by creditors. Pursuant to this statute, such an order was entered within 40 days after letters testamentary had issued. These letters have never been recalled or revoked, nor any attack made upon their issuance.

It is a general rule that letters of administration or letters testamentary, issued by a court which has jurisdiction to grant administration, are valid unless and until revoked, notwithstanding there may be irregularities in the proceeding which would invalidate such letters if attacked in a direct proceeding. 23 C. J. 1081, sec. 231. It is also a well-recognized rule that mere informalities or immaterial omissions will not necessarily invalidate the bond nor defeat the appointment of an executor or administrator, even though the bond is fatally defective as a statutory bond. In such case, a bond may be upheld as a common-law bond, and the appointment of the executor or administrator will not be a nullity, but may be defective and voidable only. 23 C. J. 1075, sec. 206. The failure of an executor or administrator to give bond does not render his appointment void, unless made so by statute. It is not subject to collateral attack. 23 C. J. 1077, sec. 212.

Without so deciding, we may, for the purpose of this discussion, assume that sections 9522 and 9523, Comp. St.

1922, as amended, impose upon the county judge the duty to require sureties on the official bond of an executor or administrator to make affidavits as to their qualifications for suretyship. The statute, however, does not make such a bond void, nor purport to affect the validity of letters of administration or letters testamentary, issued without the making of such affidavits. It will be observed that in this case no proceeding was brought for the purpose of revoking the letters testamentary, or to cancel the bond because the sureties had not made affidavits as to their qualifications to become sureties.

Under the rules above announced, the bond is not invalid; nor are the letters testamentary affected by the failure of the sureties to file affidavits as to their qualifications. Since the letters testamentary were in full force, it was the duty of the county judge to make an order limiting the time for the presentation of claims, pursuant to section 1336, Comp. St. 1922. The first question must, therefore, be answered in the negative.

The power of the county court to extend the time for filing and presenting belated claims against the estate of a decedent is limited by statute. Section 1338, Comp. St. 1922, requires an order of the court limiting the time for creditors to present their claims, which shall not, in the first instance, exceed eighteen months, nor be less than three months. Section 1339 provides: "The court may extend the time allowed to creditors to present their claims, as the circumstances of the case may require; but not so that the whole time shall exceed two years." Section 1340 provides: "On the application of a creditor who has failed to present his claim, if made within three months after the expiration of the time previously allowed, the court may for good cause shown allow further time not exceeding three months for the filing and determination of such claim."

To give the county court jurisdiction to make an order extending the time for filing claims, the application for such order must have been made within three months after the expiration of the time previously allowed, and then

only for good cause shown. In this instance, the original time limit was October 6, 1924, and the application to the court was not made until the 19th of the following February, and after a period of more than four months had elapsed.

The precise question has been heretofore passed upon by this court in the case of *Estate of Fitzgerald v. First Nat. Bank,* 64 Neb. 260. At that time the statute required that the application for extension of time should be made within six months of the original time limit, instead of three months, as by the present statute. In that case it was held: "When the county court fixes a time for the presentation of claims against an estate and enters an order barring all claims not then presented, as provided by section 217, chapter 23, Compiled Statutes, such time may be extended on application of a belated claimant, provided such application is for good cause, and is made within six months of the time first fixed and within two years of the appointment of the commissioners." The courts of last resort of sister states, having similar statutes, have generally held in accordance with the views herein expressed.

Counsel for plaintiff argue that the fraud and misrepresentation of facts made by the sons of decedent should be sufficient excuse for granting the relief for which plaintiff asks. It is possible that claimant may have an action against the sons for fraud. However that may be, it is clear that the judgment of nonclaim effectually bars him from any recovery against the estate of decedent.

From what has been said, it follows that the second question must also be answered in the negative. The judgment of the district court should be and is

AFFIRMED.

Note—See Executors and Administrators, 23 C. J. 1075 n. 8 (New), 16, 1077 n. 45, 1083 n. 36, 24 C. J. 337 n. 91, 366 n. 92, 95, 11 R. C. L. 88, 2 R. C. L. Supp. 1203.