IN RE ESTATE OF THOMAS V. GOLDEN.
L. J. SPITTLER ET AL., APPELLANTS, V. MARTINA G. DISHNER, ADMINISTRATRIX, APPELLEE.

FILED JULY 17, 1930. No. 27371.

*J. D. Cronin* and *J. A. Donohoe,* for appellants.

*Lewis Chapman, W. J. Hammond* and *M. F. Harrington,* contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

ROSE, J.

This is a proceeding by creditors for the allowance of a claim against the estate of a deceased person after expiration of the time limited by order of the county court for the presenting of claims and for the barring of unfiled claims.

Thomas V. Golden died intestate January 22, 1928. Martina G. Dishner was appointed administratrix of his estate by the county court of Holt county February 23, 1928. Creditors were required by a formal order to present their claims within three months from March 22, 1928, after which time, said the county court, "all claims are barred." Notice of the order was published according to law in The Frontier, a newspaper printed at O'Neill, the county seat. Later in the same proceeding the following order was made by the county court:

"Now on this 26th day of June, A. D. 1928, this cause came on for hearing, and it appearing to the court that the time limited for filing claims against said estate has expired and that due notice to creditors to present their claims has been given, it is, therefore, hereby ordered that all claims against the estate of Thomas V. Golden, deceased, which were not filed within the time provided by the order of this court, be, and they hereby are, forever barred."

September 12, 1928, after expiration of the time-limit for presenting claims, Spittler Brothers, merchants of Ewing, Holt county, applied to the county court for an order granting them permission to file a claim for $3,113.68 against the estate of decedent. The application was ac-

companied by an affidavit stating in substance that the claim was valid, due and unpaid, and that claimants had no knowledge of the proceedings in the county court or of the published notice, as it had not appeared in the Ewing newspaper. The administratrix objected to the granting of permission to file the claim on the grounds that it was barred by the county court's order pursuant to the nonclaim statute and that claimants had knowledge and timely notice of the time fixed for the filing of claims. Permission to file the claim was granted by the county court January 8, 1929. By proceedings in error and by appeal the administratrix invoked the jurisdiction of the district court for Holt county to reverse the order permitting the claim to be filed. The proceeding in error and the appeal were both dismissed on motion of claimants for the reason that the order allowing the filing of the claim was not a final or appealable order. July 22, 1929, after the controversy reappeared in the county court and after issues as to the filing and the allowing of the claim were raised there by formal pleadings, a trial resulted in its allowance and in a judgment against the Golden estate and in favor of Spittler Brothers, claimants, for $2,331. The administratrix appealed therefrom to the district court where there was a finding that the claim was barred by the order of the county court. From a judgment denying the application for permission·to file the claim, Spittler Brothers appealed to the supreme court.

An assignment of error is directed to an order of the district court overruling an objection to a trial *de novo* of the issue raised by the application for permission to file the claim after expiration of the time-limit and the objections thereto. Claimants argue that this assignment of error should be sustained, because the county court exercised a judicial discretion in granting leave to file the claim; because the evidence upon which the county court acted in allowing the claim to be filed did not appear on the face of the record before the ·district court on appeal, since the evidence was not preserved by a bill of exceptions nor presented by proceedings in error; because the district court

on appeal, in absence of a bill of exceptions and a petition in error, had no means of determining whether the county court abused its discretion in permitting the belated claim to be filed; because the administratrix, by her appeal from the allowance of the claim itself, waived all irregularities preceding such final order allowing the claim; because the appeal by the administratrix was from such final order and not from the permission to file the claim. The fundamental question to which the argument is principally directed may be reduced to this form: Did the appeal by the administratrix from the final order allowing the claim to the extent of $2,331 as a valid charge against the estate of decedent authorize a trial *de novo* in the district court of the issue relating to permission to file the claim after expiration of the time-limit?

The right of appeal from the county or probate court to the district court is granted in specific terms by the Constitution, which provides that in all civil cases appeals from the county court to the district court are allowed on application of either party. Const. art. V, sec. 17. This applies to an appeal from a final order in the administration of the estate of a deceased person. The statute also provides:

"In all matters of probate jurisdiction, appeals shall be allowed from any final order, judgment, or decree of the county court to the district court by any person against whom any such order, judgment or decree may be made or who may be affected thereby." Comp. St. 1922, sec. 1471.

Neither the Constitution nor the statute quoted contains an exception requiring a review by proceedings in error as distinguished from appeal. Permission to file the claim out of time is an essential step in the proceeding to allow it as a charge against the estate. If the county court was without authority to permit the filing of the claim because it was barred by a former order, the administratrix had a right to have the permission reviewed. The granting of permission to file the claim of Spittler Brothers after the expiration of the time-limit was not an appealable order. While a peremptory denial of such permission is a final order and appealable, permission to file a belated claim is an

interlocutory order that may be reviewed on appeal from the judgment allowing the claim as a charge against the estate of decedent.

Upon appeal from a final order of the county court the controversy is triable *de novo* in the district court and this rule applies to final orders in the administration of the estates of deceased persons. *In re Estate of Normand,* 88 Neb. 767. In harmony with this principle it has been held:

"Upon appeal from the allowance by the county court of a claim against the estate of a deceased person, the district court tries the case *de novo,* and must determine whether the claim was filed in time in the county court." *In re Estate of Gamble,* 91 Neb. 199.

In following these rulings in the present case the district court did not err.

Did the county judge err in permitting the claim to be filed? On the showing made did he have any discretion in the matter? Did the district court on appeal err in finding that the claim was outlawed by the order barring unfiled claims pursuant to the statute of nonclaim? After letters of administration were issued it was the duty of the county or probate court to receive, examine, adjust and allow all lawful claims against the estate of decedent and to give notice of the date for the hearing of claims and of the time for presenting them. Comp. St. 1922, sec. 1336. The statutory time which the county court is required to allow for the filing of claims must not exceed 18 months nor be less than three months. Comp. St. 1922, sec. 1338. In the respects outlined there was a strict compliance with the statutes. Claims not filed within the time limited by the county court, after due notice, are forever barred. Comp. St. 1922, sec. 1344; *Burling v. Allvord,* 77 Neb. 861; *In re Estate of Hoferer,* 116 Neb. 254. Time and notice given by the county court were in strict compliance with the statutes. The statute of nonclaim as a bar is more rigorously applied than the general statute of limitations. 2 Woerner, Administration (2d ed.) sec. 402; *Winter v. Winter,* 101 Wis. 494. In Nebraska an administrator cannot waive the defense of nonclaim to the prejudice of the estate. *Estate of Fitzgerald v. First Nat. Bank of Chariton,* 64 Neb. 260.

There is, however, a statutory provision that permits the filing of a belated claim within three months from expiration of the general time-limit. "The court may," says the statute, "for good cause shown allow further time not exceeding three months." Comp. St. 1922, sec. 1340. The sufficiency of the showing by claimants is the controlling question. The jurisdiction of the county judge to permit the filing of a belated claim depends upon good cause shown. In absence of such a showing he has no discretion to grant such permission. *In re Estate of Hoferer,* 116 Neb. 254. The showing of good cause should be analogous to that required by a court of equity in granting a new trial in an ordinary case. *Nebraska Wesleyan University v. Bowen,* 73 Neb. 598. In the present instance there was no evidence of fraud, accident, mistake, unavoidable misfortune, excusable neglect or diligence. The substance of the showing made is that the claim is just and valid and should be paid; that it was a valid claim for merchandise when Golden died; that his estate is solvent; that the period fixed by the county court for filing claims was only three months, whereas it could legally have been 18 months; that within the time limited claimants did not know that proceedings to settle the estate were pending; that they had no knowledge of the published notice or of the order barring claims; that after learning the facts they promptly applied for permission to file their claim. This did not amount to "good cause shown." The diligence that usually prompts merchants to collect money due them on accounts for merchandise was lacking. In addition, claimants knew of Golden's death a day or two after it occurred. Notice of a public sale by the administratrix of property belonging to the estate was posted in claimant's store before the time-limit expired. Before the time for filing claims expired, administratrix negotiated with claimants for electric batteries and as a result they repaired a lighting plant on a farm belonging to the estate and the bill therefor was paid by her check as administratrix. The evidence shows conclusively that claimants were chargeable with constructive notice authorized by statute and given. Their transactions

with the administratrix necessarily implied previous proceedings to administer the estate. A sufficient excuse for the delay was not shown. A new trial in an ordinary case should not be granted on the showing made by claimants. The claim against the solvent estate makes a strong appeal to morality, equity and justice; but the arbitrary bar of the nonclaim statute and the peremptory order of the county court pursuant thereto apply alike to just and unjust claims. *Doyle v. Jennings*, 229 N. W. (Ia.) 853. The order permitting the claim in controversy to be filed was unauthorized and the district court properly set it aside.

AFFIRMED.