IN RE ESTATE OF ANNA NEVILLE.
F. J. CLEARY, RECEIVER: MILES N. LEE, ASSIGNEE, APPELLANT, V. JOHN NEVILLE, ADMINISTRATOR, APPELLEE.

FILED MARCH 26, 1931. No. 27587.

*Sullivan & Wilson,* for appellant.

*N. M. York* and *W. A. Stewart, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

PAINE, J.

This was a suit to collect two promissory notes against the estate of Anna Neville, deceased, in the probate court of Dawson county. The claim for the balance due on said notes was disallowed by the county court, and upon an appeal to the district court it was tried there and the claim was denied and the action dismissed, and claimant has appealed the case to this court.

The testimony disclosed that Anna Neville died intestate May 25, 1925, and letters of administration were issued to her son, John Neville, on July 20, 1925. An inventory of her estate, filed the same day, disclosed 420 acres of real estate, valued at $28,000, and chattel property listed to the value of $2,320.

At the time of her death the deceased was indebted to the Security State Bank of Eddyville for money borrowed and invested in the land she owned at death. One note was dated July 7, 1923, for $4,294, bearing 10 per cent. interest, and one note for $418.76, dated September 28, 1922, bearing 10 per cent. interest, upon which claim payments had been made by the administrator of the estate after the same was filed. The said bank failed in 1923 and F. J. Cleary was appointed receiver, but the actual work of collecting the assets of the bank was in charge of George C. Gage, agent of the guaranty fund commission. A claim was filed by the receiver against the estate

on December 7, 1925, for a total sum of $4,457.20, due on the two notes. Objections were filed by W. A. Stewart, attorney for the administrator, on the ground that the claim was not filed within the time allowed by the court for filing claims, and that it was not a valid claim against the estate. However, on May 12, 1926, a letter was written by Attorney Stewart for the estate to Receiver Cleary, saying that there had been paid by the administrator on these notes from the sale of personal property a sufficient sum to leave a net balance on the notes, without interest, of $2,208.54, which might be paid out of the sale of the incumbered land. A letter was written by the receiver, F. J. Cleary, to Attorney Stewart, asking if his claim had been allowed, and the reply was written in ink on this letter and signed by W. A. Stewart, saying that the agreed compromise can be entered in the county court at any time, but they would have to sell the land to pay the claims. F. J. Cleary, as receiver, filed application in the district court for Dawson county, Nebraska, to compromise the claim against the Anna Neville estate, setting out in the third paragraph "that your receiver has an offer from the attorney for the Anna Neville estate to pay the sum of $2,307.54, your receiver being required to waive the accrued interest on said claim," which application was filed in the district court for Dawson county on June 10, 1926, and on the same day Honorable Isaac J. Nisley, district judge, entered an order authorizing settlement of the claim in the sum of $2,307.54. However, payment was never made in accordance with the offer of compromise made by the attorney for the estate and authorized by the order of the district judge.

On January 1, 1929, Miles N. Lee, of Arcadia, Nebraska, purchased the remaining assets from the receiver of the Security State Bank at Eddyville and became the owner and holder of the notes in controversy. Proceedings in the county court, which led to the rejection of said claim, were based upon the claim itself, which was filed December 7, 1925, the objections to said claim, filed by the attorney for the administrator, the final report of the administra-

tor, petition for discharge, the answer to the petition filed by Miles N. Lee, the assignee of the receiver, and the reply thereto, and after an adverse ruling in the county court the same was tried *de novo* upon the same pleadings in the district court. *In re Estate of Gamble,* 91 Neb. 199; *Fitch v. Martin,* 83 Neb. 124. On April 25, 1930, a judgment was entered in the district court, rejecting the claim of the assignee. Motion for new trial was overruled on May 15, 1930, and the same was appealed to this court.

The issues in the district court appear to have been contested upon three propositions: First, that fraud was practiced by the administrator and his attorney, which kept the claimant from filing his claim in time; second, that there was no valid order of the county court fixing the time for filing the claims and properly designating the newspaper in which to give the notice; third, that the failure to file said claim in proper time was waived by the administrator.

The district court found on the first proposition that there was no evidence of any inducements which delayed the filing of the claim in the time required by law, but did find that the attorney for the administrator had made offers of compromise, which offers had been accepted and approved by the district court, but that no effort was made, directly or indirectly, to interfere with the claimant filing his claim in time. On the third proposition the district court found that the administrator had no authority to waive the bar of the statute as to the time for filing claims.

The argument before this court and the discussion in the briefs submitted have to do principally with the second proposition, i. e., that no valid order of the county court had ever been entered fixing the time for filing claims or properly designating the newspaper in which the notice should be published. The section of the statute was section 1336, Comp. St. 1922, which was amended in 1929 (Laws 1929, ch. 67, sec. 5) by changing the time of publication from four weeks to three weeks, and with the change of this one word the same is section 30-601, Comp.

St. 1929, and the last part of said section as published in the 1922 Statutes, in force at the time of the trial of this case, and referred to in the briefs, reads as follows: *"Provided,* said judge shall, within forty days after the issuance of letters testamentary or of administration, give notice of the date of the hearing of claims against the deceased and the limit of time for the presentation of claims by creditors, which notice shall be given by posting in four public places in said county, or by publication in a legal newspaper of said county at least four consecutive weeks, or in any manner which the court may direct."

The vital question at issue can be stated as follows: Does this section requiring the judge to give notice of the date of the hearing, either by posting or by publication in a legal newspaper, require that the county judge first make an order to that effect, which shall be the basis for the notice which is published?

The appellee contends that the steps taken in the county court were regular and in strict compliance with the plain, mandatory provisions of the law. Such notice, drawn by the county judge, together with the affidavit of the publisher that the same was published for four weeks in the Dawson County Pioneer, the first publication being on the 24th day of July, 1925, and the last publication on August 21, 1925, is set out in the bill of exceptions as exhibit 11, and reads as follows:

"Notice to Creditors of Estate. State of Nebraska, Dawson County, ss. In the County Court. Notice is hereby given to creditors and all concerned that the time limited for creditors to present their claims against the estate of Anna Neville, deceased, late of said county, is three months from the 24th day of August, 1925; that all claims against said estate must be presented to the county judge of Dawson county, Nebraska, at his office in Lexington, Nebraska, on or before the 24th day of November, 1925, or an order will be made barring the same; and that claims or demands presented or filed against said estate will be heard, by said judge, for the purpose of examination, adjustment and allowance at his said office, on the 24th day of August,

1925, and on the 24th day of November, 1925, at ten o'clock a. m., each day. (Seal) M. O. Bates, County Judge. W. A. Stewart, Atty. (Stamp on back of exhibit 11) Office of the county judge, filed Dec. 12, 1925. M. O. Bates, County Judge, Verna Houser, Clerk."

Examination by Mr. Wilson of M. O. Bates, county judge: "Q. I will ask you if there was any order made and entered by your court or yourself, as the county judge, preceding the notice to creditors? A. There was not."

The probate judge was also asked by counsel for appellant whether any order barring claims had been made and filed, and the witness stated that an order had been made barring one claim only, but not as to claims generally, said order being entered August 24, 1929, with respect to the F. J. Cleary receivership claim of the Security State Bank at Eddyville, and on redirect examination the following testimony appears of the probate judge: "Q. Now, you don't find in your record any formal adjudication of any of these claims, do you? A. No, sir. Q. The only thing that can be considered as, at all, as adjudicating the claims, was an order made by your court directing the administrator to make application to certain debts of the proceeds of the sale of the personal property? A. Yes, sir. Q. Among the debts that he was directed to pay, was this debt that is now in controversy before the court? That is, he was directed to apply on this note the proceeds from the personal property, which property had been pledged to secure the note? A. The order to which you refer directed the administrator to pay to the receiver of the Security State Bank, at Eddyville, a certain sum to apply on indebtedness due from said estate."

Appellee contends that if it was contemplated that the county judge should base the notice to creditors upon a preliminary order, the statute would have said so and cites section 1311, Comp. St. 1922, in the following language: "The court shall forthwith make an order." In section 1309 the following language is used: "The time and place of the hearing thereof, to be given by publication, under an order of such court." In section 1357 is found this

language: "When the time for paying the debts * * * shall be finally limited by order of the court, * * * the court may, * * * by an order for that purpose, cause notice to be given." Appellee contends that these and many other sections each specifically requires an order of the court in each instance, but that said section 1336 does not require an antecedent order.

On the other hand, the appellant insists that notice to creditors must be preceded by an order of the county judge which fixes the time for filing and allowance of claims, and said order must also designate the manner of service, and if by publishing in a newspaper it must name the newspaper, and cites the case of *Schaberg v. McDonald,* 60 Neb. 493, which case held that the claim against the estate of a deceased person must be presented for examination and allowance within the time allowed by statute as fixed by the order of the probate court, and cites also the case of *Dredla v. Baache,* 60 Neb. 655, together with other decisions. Appellant insists that the very next section of the statute, section 1337, requires that the probate court shall by order designate the paper in which the probate notice shall be published, and in the notice published in this case there was no order, as required, designating the paper in which the notice should be published.

Appellee admits that the plain terms of the statute require that the probate court should make an order designating such paper, but says that the same section provides a way of escape, in that the majority of the heirs may at their election designate the legal newspaper in which notices shall be published, and that such heirs may designate the paper orally, without a formal order, and suggests the presumption is that, as no formal order was made in this case, the heirs must have designated the paper in which it was published, as provided in section 1337.

1. From a careful examination of the records and briefs, we cannot find that this exact question has been before this court since the present statute was adopted. We will first consider one of the early cases which was before this court twice, *Ribble v. Furmin,* 69 Neb. 38, 71 Neb. 108,

and which was referred to by both counsel in their arguments. It appears that section 215, ch. 23, Comp. St. 1901, entitled "Decedents," provided for the publication of notice to creditors in these words: "The judge of probate, in the commission issued to the commissioners, shall designate the paper in which such notice shall be published." The county court refused to file a claim against an estate because it was presented after the expiration of the time allowed for filing claims. Upon appeal to the district court it appeared from the pleadings that the notice of the expiration of the time for presenting claims was published prior to making the order fixing such time. The district court was reversed for remanding the cause to the county court for hearing upon the claim, and it was held that the claimant was entitled to an order allowing her claim to be filed, and directing a hearing on it in the district court in the same manner as though the appeal had been from an order disallowing the claim upon the hearing before the county court. In the text of the opinion, *Ribble v. Furmin,* 71 Neb. 108, it was said: "It will be noticed that in the petition it is alleged that the notice of the expiration of the time for filing claims was published before the order fixing such time was made. * * * Such notice is a nullity, and the time for filing claims was not limited by the order of the court without publication after the order was made. The defendant in error had a right to file her claim, and have the same examined at the time it was presented, and the judgment of the district court granting such right is clearly justified." Commissioner Pound, in the first appearance of the same case in this court, *Ribble v. Furmin,* 69 Neb. 38, discussed the question of how the appeal should have been handled in the district court, and held that the district court had jurisdiction of the entire matter and could dispose of the question at issue, even though the cause must be remanded for further proceedings in the court below.

2. We will now discuss the troublesome question as to whether section 1336, Comp. St. 1922, being section 30-601, Comp. St. 1929, requires the court to enter an order prior

to preparing and handing the notice to the newspaper for publication.

In *In re Estate of Hoferer,* 116 Neb. 254, this court, speaking through Judge Good, in deciding that letters testamentary were not affected by the failure of the sureties to file affidavits of justification on the official bond of an executor, referred to the very point in question, in these words: "Since the letters testamentary were in full force, it was the duty of the county judge to make an order limiting the time for the presentation of claims, pursuant to section 1336, Comp. St. 1922." See *Votypka v. Valentine,* 41 Cal. App. 74.

In *Nebraska Wesleyan University v. Bowen,* 73 Neb. 598, we find this statement: "A county court ought not to permit a claim to be filed against the estate of a deceased person which is not presented until more than eight months have elapsed since the expiration of the time fixed by an order of the court for that purpose."

In *Union Savings Association v. Somers,* 40 S. Dak. 177, it was held that a similar order was ineffective until entered, and hence, as the first publication was made before it was entered, it did not start the running of the four-month period against the filing of claims.

In the Wisconsin case of *Brill v. Estate of Ide,* 75 Wis. 113, the original order made giving notice to creditors failed to fix any time or place when and where claims would be received and examined, as required by statute, and the court held that its failure to do so was a fatal defect which was not cured by the subsequent publication of a notice made in pursuance of the order, which notice designated correctly the times and places.

"Mere verbal orders, or *ex parte* proceedings not of record, are not valid, and therefore afford no protection to an administrator in a subsequent proceeding." Woerner, American Law of Administration (3d ed.) sec. 149.

In Dame, Probate and Administration (3d ed.) sec. 387, in discussing section 1336, it is said: "Service of the notice cannot be had until after the order for its issue is made and entered," and also, "The statute directing such

notice is mandatory and not directory. The notice must comply with the order, and be served by publication, or as the court therein directs. If it fails to comply with any of these requirements, it is invalid, and not a bar to the *bona fide* claims of creditors." So that this Nebraska text-writer assumes that the notice is published after an order upon which it is founded is duly entered.

It is most important that the probate court should make a formal order and place the same of record, for the notice founded thereon is notice to all persons and confers jurisdiction upon the court over all matters set out therein.

While section 1336, Comp. St. 1922, requires a notice to be given, yet in section 1337, which provides for the publication of this notice, "the judge of probate shall by order designate the paper in which any probate notice shall be published," and the next following section, 1338, which sets out the time allowed to creditors to present claims, closes with these words, "and the time allowed shall be stated in the order." In the opinion of this court these three sections are to be construed together, as they each relate to the notice or its contents, and two of the sections definitely provide that an order of the probate court must be entered, which must be done prior to the preparation and publication of the legal notice. These sections in the 1929 Statutes are sections 30-601, 30-602, and 30-603. The notice in this case is invalid and fatally defective.

In *Estate of Anson,* 177 Wis. 441, it is stated: "The county court is a court of limited jurisdiction. It is a creature of the statute. It must appear upon the face of its proceedings that it acts within the powers granted. * * * We may suggest here that the statute of limitations and the doctrine of laches, estoppel, and collateral attack will prevent any serious disturbance in the settlement of former estates."

There being no dispute as to the balance due upon the promissory notes upon which this claim is founded, the district court is hereby directed to enter judgment for the amount due, $2,307.54, with interest at 7 per cent. from

September 20, 1926, and costs, and remand the cause to the probate court for further proceedings in accordance herewith. The district court was in error in disallowing the claim, and, in accordance with findings herein, the judgment is

REVERSED.