JOAN M. GUNN, EXECUTRIX OF THE ESTATE OF GERALD EDWARD GUNN, DECEASED, APPELLEE, V. EMERALD, INC., AN IOWA CORPORATION, APPELLANT.

271 N. W. 2d 334

Filed November 8, 1978. No. 41686.

Roger S. Brink of Casey & Elworth, for appellant.

James E. Case and E. Terry Sibbernsen of Welsh, Sibbernsen & Bowen, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

BOSLAUGH, J.

This is an appeal from an order of the county court allowing a belated claim. The case arose prior to the effective date of the new probate code and is governed by the statutes in effect prior to January 1, 1977.

The District Court found that the claimant had failed to show good cause for the allowance of the filing of a belated claim and reversed the judgment of the county court. The claimant has appealed.

A preliminary issue raised by the claimant is whether the executrix perfected the appeal to the District Court within the time allowed by law. The order of the county court allowing the claim was entered on December 9, 1976. The executrix filed a notice of appeal and request for a transcript in the county court on January 4, 1977. A transcript of the proceedings in the county court was filed in the District Court on January 10, 1977. The claimant contends the appeal was out of time because the transcript was not filed within 30 days from the entry of the judgment in the county court and the notice of appeal was not filed within 10 days of the rendition of the judgment in the county court. The claimant relies upon sections 24-542 and 24-544, R. R. S. 1943.

Appeals in probate matters are governed by article 16 of Chapter 30, R. R. S. 1943. § 24-541, R. R. S. 1943; Bazzo v. Wallace, 16 Neb. 293, 20 N. W. 314; Malick v. McDermot's Estate, 25 Neb. 267, 41 N. W. 157; Schurmann v. Curtiss, 183 Neb. 277, 159 N. W. 2d 554. The appeal must be taken within 30 days after the decision and a transcript filed within 10 days thereafter. §§ 30-1602, 30-1605, R. R. S. 1943; Caha v. Nelson, 195 Neb. 333, 237 N. W. 2d 870.

Section 24-542, R. R. S. 1943, originally applied to appeals from municipal courts. See Laws 1971, L. B. 12, § 5, p. 3. It was made applicable to appeals from county courts in 1972. See Laws 1972, L. B. 1032, § 42, p. 348. It is not applicable to appeals in probate matters and a notice of appeal is not required in such an appeal. See Schurmann v Curtiss, *supra*.

Since the executrix was the appellant in the appeal to the District Court, no bond was required. § 30-1603, R. R. S. 1943; In re Estate of Bednar, 151 Neb. 242, 37 N. W. 2d 195. The request for a transcript was filed within 30 days after the claim was allowed, and the transcript was filed in the District Court within 10 days thereafter. § 30-1605, R. R. S. 1943.

The appeal to the District Court was perfected within the time required by law.

The claim involved in this case arose out of the sale of an industrial chiller to Kreonite Plastics or Kreonite Industries by the deceased, Gerald Edward Gunn, who had been a sales representative for Emerald, Inc., the claimant. The chiller was shipped to Kreonite on December 27, 1974, and an invoice was sent to Gunn which should have been received by him 4 or 5 days later. Gunn received no billing for the chiller other than the invoice. The claimant had received monthly statements for amounts due Gunn for commissions and expenses. The parties have stipulated that the deceased was indebted to the claimant in the amount of $4,791.24 at the time of his death.

Jack Pierce is the president and a stockholder of the claimant. Pierce himself had a claim against the estate arising out of a transaction involving an airplane owned by the deceased. Pierce had helped finance Gunn's purchase of the airplane and had paid the use tax on the airplane. The deceased was indebted to Pierce in the amount of $330 for the tax paid by Pierce.

Pierce learned of Gunn's death on the third day after Gunn had died. Pierce consulted an Iowa lawyer named Greffenius concerning the claims. Greffenius called James E. Case, the lawyer representing the executrix, on April 14, 1976, concerning the claim of Pierce. Case testified that Greffenius asked for some claim forms which were mailed to Greffenius the same day. Case also testified that he told Greffenius that the last day for filing claims would be in about 60 days.

The last day for filing claims was June 28, 1976. On April 16, 1976, Case mailed copies of the notices to creditors to the creditors of the estate and filed an affidavit that the notices had been mailed. Notices were not mailed to Pierce, Greffenius, or the claim-

ant and the affidavit did not list Pierce, Greffenius, or the claimant as creditors of the estate. Case stated that he did not mail a notice to the claimant because he did not know the claimant had a claim against the deceased, and did not mail a notice to Pierce because there was no objection to his claim.

An order barring claims was entered on June 28, 1976. The Pierce claim which had been filed in time was allowed on July 2, 1976. The claimant's petition for allowance of a belated claim and motion for leave to file a belated claim was filed on August 4, 1976. Leave to file was granted on September 21, 1976. The claim was allowed by the county court on December 9, 1976.

The trial court found that the executrix and her attorney had no information which would put them on notice that the claimant had a claim against the estate; that the claimant had knowledge of the death of the deceased and that estate proceedings were pending more than 60 days prior to the final date for filing claims; that the claimant's attorney had been advised of the time limited for the filing of claims; and that the claimant had failed to show good cause for the allowance of the filing of a belated claim.

Probate matters on appeal to the District Court from the county court are tried de novo. § 30-1606, R. R. S. 1943; Boosalis v. Horace Mann Ins. Co., 198 Neb. 148, 251 N. W. 2d 885. An appeal from the allowance of a claim is tried as an action at law but issues other than the probate or denial of probate of wills are tried as actions in equity. The review in this court on the issue of the right to file a belated claim is de novo.

The right to file a belated claim depends upon a showing of good cause. § 30-605, R. R. S. 1943. The showing of good cause that is required is analogous to that required by a court of equity in granting a new trial. In re Estate of Golden, 120 Neb. 226, 231 N. W. 833.

The record in this case sustains the findings made by the trial court. Although the attorney for the estate had notice of the claim of Pierce as an individual, the evidence does not show that he or the executrix had notice of the claim of Emerald, Inc. The failure to mail a creditor's notice to Greffenius or Pierce thus relates to the Pierce claim and not the claim of Emerald, Inc. There is no other circumstance to support a finding of good cause for the delay in filing the claim of Emerald, Inc.

The judgment of the District Court is affirmed.

AFFIRMED.