IN RE ESTATE OF JERALD E. FEUERHELM, DECEASED. HAYDEN THOMPSON, TRUSTEE OF THE PAULINE H. THOMPSON TESTAMENTARY TRUST, APPELLANT, V. DUANE R. FEUERHELM, PERSONAL REPRESENTATIVE OF THE ESTATE OF JERALD E. FEUERHELM, APPELLEE.

341 N.W.2d 342

Filed December 9, 1983. No. 82-830.

Jay S. Horowitz and Dwight C. Seeley of Jay S. Horowitz, P.C., and Dale A. Norris of Whelan, Foote & Scherr, P.C., for appellant.

David H. Fisher of Fitzgerald, Brown & Dunmire, for appellee.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

Hayden Thompson, trustee of the Pauline H. Thompson Testamentary Trust, appeals the Adams County District Court's judgment affirming the county court's refusal to allow the trustee's filing a belated claim pursuant to Neb. Rev. Stat. § 30-2485(a)(1) (Reissue 1979). We affirm.

The trustee and personal representative have stipulated the facts in this case. Jerald E. Feuerhelm died on June 5, 1980. On June 6, 1980, Hayden Thompson had actual notice of Feuerhelm's death. The personal representative for the Feuerhelm estate was appointed on July 9. As required by § 30-2485, notice to creditors was published on July 11. On July 15 the personal representative mailed a copy of the published notice to Thompson in his individual status and in some of his sundry representative capacities. The personal representative of the estate did not mail a copy of the published notice to Thompson in his representative capacity as trustee.

On September 9 Thompson, individually and in his several representative capacities other than trustee, filed seven claims against the Feuerhelm estate. In his individual capacity Thompson filed a contingent claim in the amount of $211,178.48, plus interest. Thompson's claim as an individual was based upon a promissory note of the decedent and an agreement between Thompson, individually, and the decedent. Thompson's "STATEMENT OF CLAIM" filed on September 9 contained the following: "Claimant has assigned his interest in the above-referenced Promissory Note to the Pauline H. Thompson Testamentary Trust. Claimant intended this assignment to include his entire interest and the proceeds thereof. [C]laim is made individually for that part of such proceeds, if any, not effectively assigned to said Pauline H. Thompson Testamentary Trust." The claim is undated, was filed as a contingent claim, and was signed by Thompson individually and not in any representative capacity.

By Thompson's claim filed in the county court of Adams County, the personal representative and his attorneys had actual notice that a claim against the estate had been assigned to the trust. On October 17 the trustee filed a petition in the county court seeking permission to file a belated, unliquidated claim in the amount of $211,178.48, plus interest, i.e., a

claim based on the same promissory note and agreement mentioned in the claim by Thompson as an individual which had been filed on September 9.

On July 31, 1981, the county court determined that the trustee "has failed to establish good cause for the filing of his belated claim . . ." and dismissed the trustee's petition to file the belated claim in the Feuerhelm estate. On November 16, 1982, the District Court affirmed the judgment of the county court.

The trustee assigns and argues two errors. First, the trustee claims that Thompson's claim as an individual was (a) proper notice to the Feuerhelm estate regarding the claim of the trust or (b) a claim filed on behalf of the trust. Second, he claims good cause was shown for permitting the filing of a belated claim by the trust.

One of the statutes involved in the proceedings is § 30-2485: "Limitations on presentation of claims. (a) All claims against a decedent's estate . . . are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:

"(1) within two months after the date of the first publication of notice to creditors if notice is given in compliance with section 30-2483 . . . . If any creditor has a claim against a decedent's estate which arose before the death of the decedent and which was not presented within the time allowed by this subdivision, including any creditor who did not receive notice, such creditor may apply to the court within sixty days after the expiration date provided in this subdivision for additional time and the court, upon good cause shown, may allow further time not to exceed thirty days."

The purpose of the nonclaim statute, § 30-2485, is facilitation and expedition of proceedings for distribution of a decedent's estate, including an early appraisal of the respective rights of interested persons and prompt settlement of demands against the es-

tate. As a result of the nonclaim statute, the probate court or the personal representative can readily ascertain the nature and extent of the decedent's debts, determine whether any sale of property is necessary to satisfy a decedent's debts, and project a probable time at which the decedent's estate will be ready for distribution. See, 2A Neb. Rev. Stat. General Comment at 674 (Reissue 1979); *Simpson v. First Nat. Bank & Trust Co. of Lake Worth*, 318 So. 2d 209 (Fla. App. 1975).

Neb. Rev. Stat. § 30-2486(1) (Reissue 1979) states that "[t]he *claimant* may file a written *statement of the claim* . . . ." (Emphasis supplied.) Implicit in such language is the requirement that the creditor to whom the decedent is obligated is the claimant who can present a demand against the estate. On September 9 Thompson filed his claim as an individual regarding possibly unassigned proceeds from the decedent's promissory note. Any filing by Thompson in his individual capacity is not a presentation of a claim by the trust. Consequently, the trust did not file its "written statement of the claim" as required by the statute. The suggested "claim" demonstrates further deficiency. Although the language of Thompson's individual claim did alert the personal representative to the possibility of a claim by the trust, Thompson's claim did not contain a demand by the trust upon the estate for satisfaction of any obligation. Mere notice to a representative of an estate regarding a possible demand or claim against an estate does not constitute presenting or filing a claim under § 30-2486. If notice were accorded the stature of a claim, the resultant state of flux and uncertainty would frustrate and avoid the purpose and objectives of the nonclaim statute. See *Nathanson v. Superior Court*, 12 Cal. 3d 355, 525 P.2d 687, 115 Cal. Rptr. 783 (1974). The document filed by Thompson on September 9 suffered from the described double deficiency, nullifying presentation of a claim by the trust within the meaning of § 30-2486.

We conclude that the trust has not filed a claim against the Feuerhelm estate.

In the absence of "good cause shown" the county judge has no discretion to grant permission to file a belated claim. See, *In re Estate of Hoferer*, 116 Neb. 254, 216 N.W. 826 (1927); *Lesoing v. Dirks*, 157 Neb. 183, 59 N.W.2d 164 (1953); *In re Estate of Golden*, 120 Neb. 226, 231 N.W. 833 (1930). The "good cause" which must be shown "is analogous to that required by a court of equity in granting a new trial." *Gunn v. Emerald, Inc.*, 201 Neb. 635, 638, 271 N.W.2d 334, 336 (1978). See, also, *In re Estate of Golden, supra.*

Did the trustee show "good cause" excusing failure to file a claim within 2 months after the date of the first publication as required by § 30-2485(a)(1)?

The stipulated facts insert nothing into the vacuum existing between July 11, when the notice to creditors was published, and the last day for presenting a claim. We are given no facts from which we can deduce that anyone had prepared a claim by the trustee. Assuming that a written statement of the trustee's claim had been prepared, there is no explanation for the failure to present the trustee's claim within the time prescribed by statute. "Good cause" within § 30-2485(a)(1) envisions a claimant proceeding diligently toward presenting a claim against a decedent's estate, but the presentation of the claim is prevented by fraud, accident, mistake, unavoidable misfortune, or excusable neglect. See, *In re Estate of Golden, supra*; *Gunn v. Emerald, Inc., supra.* Whatever may have existed in terms of the trustee's preparing a claim to be presented within the allotted time is left to speculation. There probably was a great deal of dramatic and dynamic diligence in preparing and filing the petition for a belated claim. However, circumstances and activities preceding the last day for presenting claims are crucial in determining whether "good cause" has been shown. Under the facts presented to us, there

is no cause shown, good or otherwise. We, as were the county judge and the District Court, are compelled to the conclusion that "good cause" has not been shown and that the trustee's petition for a belated claim must be rejected. Consequently, the judgment of the District Court is affirmed.

AFFIRMED.

KRIVOSHA, C.J., participating on briefs.