275 Neb. 322
IN RE ESTATE OF RICHARD N. COOPER, DECEASED.
JOE M. RICHARDSON, FORMER SUCCESSOR PERSONAL REPRESENTATIVE OF THE ESTATE OF RICHARD N. COOPER, DECEASED, APPELLANT,
v.
JAMES MITCHELL, SUCCESSOR PERSONAL REPRESENTATIVE OF THE ESTATE OF RICHARD N. COOPER, ET AL., APPELLEES.
IN RE ESTATE OF RICHARD N. COOPER, DECEASED. JOE M. RICHARDSON, FORMER SUCCESSOR PERSONAL REPRESENTATIVE OF THE ESTATE OF RICHARD N. COOPER, DECEASED, ET AL., APPELLEES,
v.
ROBYN COOPER, FORMER PERSONAL REPRESENTATIVE OF THE ESTATE OF RICHARD N. COOPER, DECEASED, APPELLANT.
Nos. S-06-1400, S-07-109
Supreme Court of Nebraska.
Filed March 28, 2008.
Kristopher J. Covi, Lisa M. Lehan, and J. Terry Macnamara, of McGrath, North, Mullin & Kratz, P.C., L.L.O., for appellant in No. S-06-1400.
Michael D. Kozlik, of Harris Kuhn Law Firm, L.L.P., for appellee W.G. Yates & Sons Construction Company.
L. Steven Grasz and Michael C. Schilken, of Blackwell Sanders, L.L.P., for appellee Robyn Cooper in No. S-06-1400.
L. Steven Grasz, Michael C. Schilken, Trenten P. Bausch, Rebecca B. Gregory, and Lindsay K. Edwards, of Blackwell, Sanders, Peper & Martin, L.L.P., for appellant in No. S-07-109.
T. Randall Wright and Brandon R. Tomjack, of Baird Holm, L.L.P., for appellee Marshall Investment Corporation.
Frederick D. Stehlik and Michael J. Whaley, of Gross & Welch, P.C., for appellees DeSoto County Medical Office and Stevan Himmelstein.
David J. Koukol and Christopher D. Curzon, of Dwyer, Smith, Gardner, Lazer, Pohren, Rogers & Forrest, L.L.P., for appellee W. Gerald Ezell Estate.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
MILLER-LERMAN, J.

NATURE OF CASE
These appeals were brought from separate orders entered in the county court for Douglas County from one underlying estate case involving the estate of Richard N. Cooper. In case No. S-06-1400, sometimes referred to as the "appointment case," appellant Joe M. Richardson appeals from the county court's orders in which it overruled his motion challenging the county court's suspension of Richardson as the successor personal representative and appointment of a temporary special administrator, appointed a second successor personal representative, and denied his motion for sanctions. In case No. S-07-109, sometimes referred to as the "asset case," the issue on appeal is whether the county court erred in determining that a certain brokerage account was an estate asset and therefore subject to the claims of estate creditors. We consolidate these appeals for purposes of opinion and disposition.
In the appointment case, Richardson questions the propriety of the statutory procedure used to remove him under the facts of this case and challenges the ex parte nature of one of the hearings held during the appointment proceedings. In the asset case, it is claimed that the county court's procedure and decision in the appointment case caused the court to improperly prejudge the issue of whether to include the brokerage account as an asset in the estate.
In case No. S-06-1400, we conclude that in the absence of evidence the procedure used to suspend Richardson's authority as the successor personal representative, and to appoint a temporary special administrator was not warranted. Therefore, orders flowing therefrom require reversal and remand of the cause. Accordingly, we vacate the county court's orders removing Richardson as the successor personal representative, appointing a special administrator, appointing a second successor personal representative, and denying Richardson's motion for sanctions. Because the record in the appointment case reflects that the county court made certain factual findings in the absence of evidence concerning those facts, the impartiality of the judge going forward could reasonably be questioned, and we therefore order that the county court judge be recused upon remand. In view of our disposition of the appointment case, we are required to reverse the county court's order including the brokerage account as an estate asset in case No. S-07-109, and we remand the cause for further proceedings consistent with this opinion.

FACTS
There is essentially no dispute with regard to the facts relevant to our disposition of these appeals. Decedent Richard N. Cooper died testate on November 3, 2005. He was survived by his wife, Robyn, and several children. Cooper's last will and testament was admitted to probate in the county court on November 17. Robyn initially served as personal representative. She later resigned, and her brother, Richardson, succeeded her as successor personal representative.
On July 13, 2006, Richardson filed a motion seeking a determination as to the estate's ownership interest in a brokerage account held with PrimeVest Financial Services and identified therein as account No. 22373935 (the PrimeVest account). This account is the subject of the asset case. On September 12, Richardson's deposition was taken as part of the estate proceedings.
On September 15, 2006, W.G. Yates & Sons Construction Company (Yates), identifying itself effectively as a claimant of the estate, filed a pleading captioned "Petition for Appointment of Special Administrator in Formal Proceeding in an Emergency," alleging that Richardson was failing to protect and preserve the estate and seeking the appointment of a special administrator. Richardson's appeal in the appointment case challenges the propriety of filing this petition and the proceedings held thereon. The petition did not indicate the statutory authority on which it was based, and the copy of the petition contained in the record does not include a certificate of service demonstrating that Yates served a copy of its petition on any interested parties in the estate case.
On September 19, 2006, 4 days after Yates filed its petition, the county court held a hearing on the petition. The bill of exceptions on appeal contains a transcript from that hearing. The only appearance entered at that hearing is counsel for Yates. No evidence was offered or received at the hearing. During the hearing, counsel for Yates appears to summarize portions of Richardson's deposition testimony, and elsewhere it appears that counsel for Yates is reading to the court questions asked and answers given during Richardson's deposition. The record further reflects that much of the information provided by Yates' counsel was in response to questioning from the court.
At the conclusion of this hearing, the county court entered its order. In its September 19, 2006, order, the county court made certain factual findings, including finding that "someone" had been removing assets from the estate, that Richardson had "failed and/or refused to protect or preserve" the estate's assets, and that it was "necessary for a Special Administrator to take custody and control of the estate assets for their preservation and protection as [Richardson had] failed to do so." As a result of these and other factual findings, the county court ordered that Richardson be suspended as the successor personal representative. The court further ordered that a temporary special administrator be appointed "to collect and manage the assets of the estate" and that a hearing be held on the permanent removal of Richardson as successor personal representative. Yates' counsel was ordered to provide notice to Richardson of a subsequent hearing regarding his removal as successor personal representative. Yates was awarded attorney fees.
On September 21, 2006, Yates filed an amended petition in which it sought the permanent removal of Richardson as successor personal representative and the appointment of a second successor personal representative. On September 22, Richardson filed a motion to reconsider the court's September 19 order. On October 10, Richardson also filed a motion seeking sanctions against Yates' attorney because of the ex parte nature of the September 19 hearing. The hearing on all of these motions was continued until October 31.
While the removal proceedings giving rise to the appointment case were pending, on September 22, 2006, the county court held an evidentiary hearing in the asset case on Richardson's motion to determine the estate's ownership interest in the PrimeVest account. The record reflects that the temporary special administrator participated in this hearing. The record also indicates that during the September 19 hearing, it was alleged and the county court found that the PrimeVest account was at least one of the assets Richardson was failing to protect.
On October 31, 2006, the county court held an evidentiary hearing in the appointment case on the various motions relating to Richardson's removal as successor personal representative and the appointment of a second successor personal representative. In an order filed November 27, the county court granted Yates the relief sought in its amended petition by permanently removing Richardson as the successor personal representative and by appointing a second successor personal representative. In the same order, the county court overruled Richardson's motion to reconsider and motion for sanctions. The November 27 order does not contain any factual findings by the court.
In an order filed January 16, 2007, the county court ruled in the asset case that the PrimeVest account was an estate asset and that the funds held in that account were subject to the claims of estate creditors. The county court ordered that any transfers from that account were void and further ordered the second successor personal representative to "trace the assets" that had been transferred from the account.
In case No. S-06-1400, Richardson appeals the county court's orders that overruled his motion to reconsider, removed him as successor personal representative, appointed a second successor personal representative, and denied his motion for sanctions. In case No. S-07-109, the appeal challenges the county court's order determining that the PrimeVest account is an estate asset.

ASSIGNMENTS OF ERROR
In case No. S-06-1400, Richardson assigns three errors. Richardson claims that the county court erred (1) in denying his motion to reconsider its order appointing a temporary special administrator following an ex parte hearing, (2) in removing Richardson as the successor representative and appointing a "second successor personal representative," and (3) in denying Richardson's motion for sanctions.
In case No. S-07-109, the error assigned generally claims that the county court erred in determining that the PrimeVest account was an estate asset.

STANDARDS OF REVIEW
In the absence of an equity question, an appellate court, reviewing probate matters, examines for error appearing on the record made in the county court. In re Trust Created by Hansen, 274 Neb. 199, 739 N.W.2d 170 (2007). On a question of law, however, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. In re Estate of Lamplaugh, 270 Neb. 941, 708 N.W.2d 645 (2006).

ANALYSIS

Case No. S-06-1400: The County Court's Order Overruling Richardson's Motion for Reconsideration Is Reversed.
In the appointment case, Richardson claims that the county court erred in overruling his motion to reconsider its previous order suspending his authority as the successor personal representative and appointing a temporary special administrator. Richardson also claims that the county court erred in removing him as the successor personal representative and appointing a second successor personal representative to replace Richardson. Finally, Richardson challenges the county court's order denying his motion for sanctions.
Richardson claims that the emergency procedure utilized by the county court regarding the appointment of the temporary special administrator was not warranted under the probate code and that the county court subsequently erred in suspending him based in part on an ex parte hearing at which no evidence was received but the court nevertheless made factual findings. Richardson also argues that the proceedings during the emergency hearing caused the county court to unfairly prejudge the issues raised during the October 31, 2006, hearing regarding Richardson's permanent removal.
As set forth above, Yates' petition seeking the appointment of a temporary special administrator was apparently not served on either Richardson or any other interested parties in the estate case. The petition did not cite the statutory authority under which the appointment of a special administrator was sought. However, in its brief on appeal, Yates asserts that its statutory authority for seeking the appointment of a temporary special administrator was Neb. Rev. Stat. § 30-2457 (Reissue 1995). In this regard, Yates asserts that it learned of Richardson's alleged neglect at the deposition of September 12, 2006, and Yates argues to the effect that an emergency hearing without notice pursuant to § 30-2457 was the most opportune statutory remedy by which to promptly suspend Richardson's acts as a personal representative. Contrary to Yates' view of the probate code, we note that the code provides a procedure by which a personal representative can be promptly suspended and a special administrator appointed without resorting to a hearing without notice.
The issue as framed by the parties on appeal is, in part, one of statutory construction. Several sections of the probate code are relevant to our analysis. With regard to the removal of a personal representative, Neb. Rev. Stat. § 30-2454(a) (Reissue 1995) provides, inter alia, as follows:
A person interested in the estate may petition for removal of a personal representative for cause at any time. Upon filing of the petition, the court shall fix a time and place for hearing. Notice shall be given by the petitioner to the personal representative, and to other persons as the court may order. Except as otherwise ordered as provided in section 30-2450, after receipt of notice of removal proceedings, the personal representative shall not act except to account, to correct maladministration or preserve the estate.
With regard to a special administrator, § 30-2457 permits a special administrator to be appointed after notice when a personal representative cannot or should not act and also permits the appointment of a special administrator without notice when an emergency exists. Section 30-2457 provides:
A special administrator may be appointed:
. . . .
(2) in a formal proceeding by order of the court on the petition of any interested person and finding, after notice and hearing, that appointment is necessary to preserve the estate or to secure its proper administration including its administration in circumstances where a general personal representative cannot or should not act. If it appears to the court that an emergency exists, appointment may be ordered without notice.
Finally, Neb. Rev. Stat. § 30-2450 (Reissue 1995) provides generally for 10 days' notice prior to a removal hearing.
Taken together, these statutes set forth a procedure by which to suspend and remove a personal representative and appoint a special administrator. Pursuant to § 30-2454, an interested person may petition the county court for the removal of the personal representative. The statute provides for notice of the petition to be given to the personal representative and others. It is important to note that under § 30-2454, once the personal representative receives such notice, he or she "shall not act," except in limited circumstances. Thus, notice to the personal representative under § 30-2454 effectively suspends the personal representative. Once a personal representative is prohibited from acting under § 30-2454, an interested party may thereafter move under § 30-2457 for the appointment of a special administrator, based on the facts that the personal representative has received notice under § 30-2454 and "cannot .. . act" and that the appointment of a special administrator would be appropriate "to preserve the estate or to secure its proper administration." § 30-2457.
The above-described procedure wherein a personal representative "cannot act," thus requiring a special administrator, was not followed in this case. Instead, Yates chose to commence its proceedings under the last portion of § 30-2457(2), alleging that an emergency existed requiring the appointment of a special administrator, and it persuaded the county court to appoint a special administrator based on argument without evidence and without notice to the personal representative. Given our review of the applicable statutes and record, we conclude that under the procedure utilized in the appointment case, the appointment of a special administrator was not warranted and we reverse the county court's order overruling Richardson's motion for reconsideration and remand the cause as indicated below.
We have often noted that a dialog between the court and counsel is not an evidentiary basis for a ruling. In re Guardianship & Conservatorship of Trobough, 267 Neb. 661, 676 N.W.2d 364 (2004), exemplifies the difficulties that may arise when a trial court does not conduct an evidentiary hearing. In In re Guardianship & Conservatorship of Trobough, a conservatorship proceeding, the county court did not hold an evidentiary hearing and no exhibits were offered into evidence. Instead, the trial court "engaged in discussions with the parties without receiving any evidence to support or refute the issues raised in the pleadings." Id. at 665, 676 N.W.2d at 368. We determined that without an evidentiary hearing, the county court had no basis upon which to enter its order and that such order was not supported by competent evidence. Similarly, in the present case, in the absence of evidence, no emergency basis under § 30-2457 was established upon which the county court could base its suspension of Richardson and its appointment of a temporary special administrator. We therefore conclude that the county court erred when it overruled Richardson's motion to reconsider its September 19, 2006, order suspending Richardson and appointing a temporary special administrator.
On appeal, Richardson also argues that the nature and resultant findings from the ex parte hearing caused the court to prejudge the issues raised at the October 31, 2006, hearing that resulted in the subsequent order in which the court ultimately removed Richardson as the successor personal representative and appointed a second successor personal representative. As we suggested above, we agree with Richardson that the county court's handling of Yates' petition was problematic.
In addition to the fact that factual findings were made without evidence being taken, we note that the bill of exceptions from the September 19, 2006, hearing indicates that much of the dialog developing the case was initiated by the trial judge. Although we recognize that § 30-2457 permits a hearing without notice, it is nevertheless not advisable for the court to develop the record, as this bears unfavorably on the judge's impartiality. See Neb. Code of Jud. Cond., Canon 3 (rev. 2000) (providing that judge shall perform his or her duties impartially).
It is apparent that the decision to suspend Richardson and appoint a temporary special administrator was based on communications occurring at a nonevidentiary hearing, when there was a "discussion" rather than a formal hearing to enable the trial court to decide the matter then pending before it on the basis of evidence. Looking at the record and the manner in which the September 19, 2006, hearing was conducted, the impartiality of the trial judge could be questioned and the rulings could appear to have prejudicially affected the interested parties' substantial rights. We have previously stated to the effect that a trial judge should be recused when a litigant demonstrates that a reasonable person who knew the circumstances of the case would question the judge's impartiality under an objective standard of reasonableness, even though no actual bias or prejudice is shown. See Mooney v. Gordon Memorial Hosp. Dist., 268 Neb. 273, 682 N.W.2d 253 (2004). Under the circumstances, we determine that it is necessary upon remand for the county court judge to recuse herself from further proceedings in the estate case. Given our analysis, we further conclude it is appropriate to vacate that portion of the county court's order permanently removing Richardson as successor personal representative and appointing a second successor personal representative. Finally, we vacate the county court's order denying Richardson's motion for sanctions and remand such motion for consideration by a different judge.
By virtue of the proceedings, Richardson has received notice of Yates' petition to remove him as successor personal representative. Therefore, in accordance with the provisions of § 30-2454, we conclude that following remand, Richardson "shall not act except to account, to correct maladministration or preserve the estate." Pursuant to § 30-2457, Yates may seek to have a hearing before the new county court judge assigned to the estate case regarding the appointment of a special administrator to preserve the estate.
In summary, we determine that the county court erred in suspending Richardson and appointing a temporary special administrator. Accordingly, we reverse the county court's order denying Richardson's motion for reconsideration. We determine that the county court's orders permanently removing Richardson as the successor personal representative, appointing a second successor personal representative, and denying Richardson's motion for sanctions should be vacated. We also determine that by virtue, inter alia, of the court's factual findings in the absence of evidence, it is necessary for the trial judge to recuse herself to avoid the appearance of partiality. We reverse and vacate, and remand for further proceedings consistent with this opinion.

Case No. S-07-109: The County Court's Order Determining That the PrimeVest Account Is an Asset of the Estate Is Vacated.
In the asset case, the issue on appeal is whether the county court erred in determining that the PrimeVest account is an estate asset subject to the claims of creditors. After making this determination, the county court ordered that any transfers from that account were void and it further ordered the second successor personal representative to "trace the assets" from any transfers from the account. As noted above, an argument raised in the asset case is that certain of the proceedings in the appointment case caused the county court to prejudge matters relating to the PrimeVest account. We determine that there is merit to this argument and therefore conclude that it is appropriate to vacate the county court's order in the asset case and remand the cause for further proceedings before a different judge consistent with this opinion.

CONCLUSION
For the reasons stated above, in case No. S-06-1400, we conclude that the county court erred in suspending Richardson and appointing a temporary special administrator, and we reverse that portion of the county court's order denying Richardson's motion for reconsideration. We determine that under the circumstances, those portions of the county court's orders that permanently removed Richardson as the successor personal representative, appointed a second successor personal representative, and denied Richardson's motion for sanctions should be vacated and the cause remanded for further proceedings consistent with this opinion. We also determine that it is necessary for the trial judge to recuse herself upon remand.
In case No. S-07-109, we vacate the county court's order and remand the cause for further proceedings before a different judge.
JUDGMENT IN No. S-06-1400 REVERSED IN PART AND IN PART VACATED, AND CAUSE REMANDED FOR FURTHER PROCEEDINGS. JUDGMENT IN No. S-07-109 VACATED, AND CAUSE REMANDED FOR FURTHER PROCEEDINGS.