Nebraska Supreme Court Online Library
www.nebraska.gov/courts/epub/
01/29/2016 09:04 AM CST

In re Estate of William Lorenz, deceased.
Theresa Lorenz, Personal Representative of the
Estate of William Lorenz, deceased, appellee,
v. Alice Shea, appellant.
___ N.W.2d ___

Filed January 29, 2016.    No. S-13-528.

1. **Decedents' Estates: Appeal and Error.** An appellate court reviews probate cases for error appearing on the record made in the county court.
2. **Decedents' Estates: Judgments: Appeal and Error.** When reviewing questions of law in a probate matter, an appellate court reaches a conclusion independent of the determination reached by the court below.
3. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.

Petition for further review from the Court of Appeals, Inbody, Chief Judge, and Irwin and Bishop, Judges, on appeal thereto from the County Court for Douglas County, Sheryl L. Lohaus, Judge. Judgment of Court of Appeals affirmed in part and in part reversed, and cause remanded with directions.

Jeffrey A. Silver for appellant.

Richard A. DeWitt, Robert M. Gonderinger, and David J. Skalka, of Croker, Huck, Kasher, DeWitt, Anderson & Gonderinger, L.L.C., for appellee.

Heavican, C.J., Wright, Connolly, McCormack, Miller-Lerman, Cassel, and Stacy, JJ.

Wright, J.

## NATURE OF CASE

Alice Shea (Alice), the former wife of William Lorenz (William), filed a petition seeking allowance of her claims against William's estate, seeking the appointment of a special administrator, and challenging the second codicil of William's will. The county court for Douglas County allowed Alice's claims in part but awarded summary judgment to the personal representative on Alice's request for the appointment of a special administrator and her challenge to the second codicil. Alice appealed. In general, the Nebraska Court of Appeals affirmed the county court's order but modified the court's dismissal of Alice's request for the appointment of a special administrator to reflect that such request should have been dismissed without prejudice. See *In re Estate of Lorenz*, 22 Neb. App. 548, 858 N.W.2d 230 (2014).

In her petition for further review, the personal representative, Theresa Lorenz (Theresa), claims that the Court of Appeals erred in reversing certain determinations made by the county court and in modifying the county court's order. We granted Theresa's petition for further review.

## SCOPE OF REVIEW

[1-3] An appellate court reviews probate cases for error appearing on the record made in the county court. *In re Estate of Shell*, 290 Neb. 791, 862 N.W.2d 276 (2015). When reviewing questions of law in a probate matter, an appellate court reaches a conclusion independent of the determination reached by the court below. *Id*. Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination. *State v. Wang*, 290 Neb. 757, 861 N.W.2d 728 (2015).

## STATEMENT OF FACTS

### Background

William died on February 20, 2010, at the age of 91. He was single at the time of his death, having been divorced

from Alice since 2006. Pursuant to their Iowa divorce decree, William was ordered to pay Alice (1) a property settlement in the amount of $113,761 and (2) alimony in the amount of $2,000 per month until Alice dies or remarries. The decree provided that "[i]n the event William predeceases Alice, this alimony award shall be a lien against" the estate.

On May 4, 2010, Theresa, one of William's children, filed a "Petition for Formal Probate of Will, Determination of Heirs, and Appointment of Personal Representative." The petition sought to admit William's "Last Will and Testament" and two codicils dated February 24, 2005, and May 11, 2007, to probate. The petition sought the appointment of Theresa as personal representative, and a notice of the petition was published in The Daily Record, a legal newspaper in Douglas County, for 3 consecutive weeks in May 2010.

On June 24, 2010, the county court entered an order admitting the will and two codicils to formal probate as "valid, unrevoked and the last Will of [William]." The court also appointed Theresa as the personal representative of the estate. In her affidavit, Theresa averred that she mailed a copy of the notice of the proceedings to Alice.

On August 30, 2010, Alice filed three separate claims in the estate, all of which related back to the 2006 divorce decree. The claims were for (1) future alimony in the amount of $2,000 per month for Alice's lifetime; (2) delinquent alimony as of August 1, 2010, in the amount of $6,000 plus interest; and (3) past due property settlement funds in the amount of $1,189.65 plus interest.

The "Short Form Inventory" filed by Theresa on September 23, 2010, listed the "probate property" owned by William at the time of his death as (1) a checking account ($12,007.11), (2) an investment account ($100,163), and (3) household goods and furnishings and miscellaneous tangible personal property ($500). The total value of the probate property listed was $112,670.11. Nonprobate transfers were not listed on the

inventory. On October 28, Theresa disallowed all three of the claims Alice had filed.

Alice then filed a petition for the allowance of her claims, for the appointment of a special administrator pursuant to Neb. Rev. Stat. § 30-2457 (Reissue 2008), and to challenge the second codicil. In her petition, Alice alleged that on August 30, 2010, she filed three claims against the estate for future alimony, delinquent alimony, and past-due property settlement funds. She alleged that Theresa's disallowance of the claims was improper based on the clear and unambiguous language of the divorce decree, which specifically provided that "[i]n the event William predeceases Alice, this alimony award shall be a lien against" the estate. Alice alleged that based on this decree and her life expectancy, the amount that would be due Alice under the decree of dissolution would be $224,400. Alice asked the court to allow each of her three claims, including but not limited to an award of $224,400.

Alice's petition also requested the appointment of a special administrator. She alleged that Theresa had a general power of attorney for William since June 29, 2006, and was also the personal representative of the estate. She alleged that from the time Theresa's power of attorney became activated through the date of William's death, William's liquid assets were reduced from approximately $1 million to $112,000 and that during this time, Theresa had actual knowledge of the alimony award in the divorce decree. She alleged that because Theresa was acting as both attorney in fact and personal representative, she had "a conflict of interest to properly administer and/or preserve the estate, including but not limited to collecting assets belonging to the [e]state and therefore a special administrator [was] necessary pursuant to and in accordance with Neb. Rev. Stat. §30-2457."

Finally, Alice's petition challenged the second codicil executed by William on May 11, 2007, as being "subsequent to the date he was declared unable to conduct and manage his business affairs, pursuant to a Certificate of Disability." She

alleged that because William was incompetent to execute the second codicil, it should be declared null and void and of no force and effect. The second codicil effectively removed Alice from William's will, except that it provided that if Alice survived him, his executor "may" in his or her sole discretion allocate a portion of the "rest, residue and remainder" of the estate to Theresa as trustee of the William F. Lorenz Alimony Trust, which funds may be used to pay Alice's $2,000 per month alimony.

Theresa answered and asked the court for an order denying each of the claims submitted by Alice, except the claim for future alimony in the amount of $2,000 per month until Alice dies or remarries. She further requested an order authorizing and approving the satisfaction of such claim for future alimony through the funding of the William F. Lorenz Alimony Trust, pursuant to the second codicil of William's will.

Theresa alleged that Alice lacked standing to seek appointment of a special administrator and was improperly seeking to require the estate to incur expenses for the sole benefit of Alice, which expenses "should in equity be borne by [Alice]." She alleged that Alice failed to state a cause of action for the appointment of a special administrator and that William had made adequate provision for the payment of future alimony payments to Alice via the alimony trust provision of the second codicil.

As to the second codicil, Theresa alleged that Alice, as a creditor of the estate, had no standing to assert the invalidity of the second codicil; that it was formally admitted to probate by order of the Douglas County Court after notice to interested persons and a formal hearing; and that the order was final and nonappealable.

On March 14, 2013, Theresa filed a motion for summary judgment. She alleged that the estate was entitled to judgment as a matter of law on all of the claims in the petition and asked the court to dismiss the petition with prejudice, with the exception of the following: (1) Alice's statement of claim

for alimony in the amount of $2,000 per month commencing September 1, 2010, should be allowed, but that such obligation shall terminate upon Alice's death or remarriage, and (2) Alice's statement of claim for a property settlement in the amount of $1,189.65 plus interest should be partially allowed in the amount of $129.78, but otherwise disallowed.

At a hearing on the summary judgment, the county court took judicial notice of its June 24, 2010, order admitting the will and two codicils to formal probate as "valid, unrevoked, and the last will of William." The county court found that a genuine issue of material fact existed regarding Alice's claim for interest for delinquent alimony, but both parties stipulated and conceded that the actual amount of delinquent alimony had been paid. It found that Alice's claim for alimony commencing September 1, 2010, in the amount of $2,000 per month should be allowed until she dies or remarries and that her claim for interest as a result of a late property settlement payment should be allowed in the amount of $129.78.

The county court concluded that Alice's demand for Theresa to compel beneficiaries of payable-on-death (POD) transfers to pay such transfers over to the estate as a basis for the appointment of a special administrator was not timely as required by Neb. Rev. Stat. § 30-2726 (Reissue 2008). It found that the petition for a special administrator was not warranted, because "the procedure by which to suspend and remove [Theresa as] Personal Representative and thereby [for] Appointment of a Special Administrator" was not followed as set forth in Neb. Rev. Stat. §§ 30-2454 and 30-2457 (Reissue 2008) and *In re Estate of Cooper*, 275 Neb. 322, 746 N.W.2d 663 (2008). It also found Alice's challenge to the validity of the second codicil was untimely, because the court's order dated June 24, 2010, validated William's will and both codicils, and the order was final and nonappealable.

Accordingly, the county court granted Theresa's motion for summary judgment, except for Alice's claim for interest for delinquent alimony, her claim for alimony in the amount of

$2,000 per month, and her claim for interest in the amount of $129.78 on a late property settlement payment. It dismissed with prejudice Alice's request for appointment of a special administrator and her challenge to the second codicil. Alice timely appealed to the Court of Appeals.

### Court of Appeals' Decision

The Court of Appeals affirmed the county court's order that Alice's challenge to the second codicil was untimely and affirmed the dismissal with prejudice of such challenge. *In re Estate of Lorenz*, 22 Neb. App. 548, 858 N.W.2d 230 (2014).

As to the dismissal of Alice's request for the appointment of a special administrator, the Court of Appeals found that nothing in § 30-2457 required that a personal representative be suspended or removed prior to the filing of an application to appoint a special administrator. It concluded that because a personal representative and a special administrator can coexist, it was not a prerequisite to suspend or remove Theresa as personal representative before filing a motion for appointment of a special administrator. It found that the county court erred in dismissing the petition with prejudice on the basis that Alice failed to follow the proper procedure.

Because this finding did not completely resolve the issue, the Court of Appeals addressed the county court's second reason for denying the appointment of a special administrator: its conclusion that Alice's demand to compel the beneficiaries of the POD transfers to pay such transfers over to the estate as a basis for the appointment of a special administrator was not timely, as required by § 30-2726.

The Court of Appeals analyzed the operative statute and summarized its purpose as follows:

> When a decedent's POD asset has been transferred outside his or her estate, § 30-2726 provides the mechanism by which such nonprobate transfer may be recovered by the estate if the estate is not otherwise able to meet its obligations. To employ the process set forth in

§ 30-2726(b) to recover nonprobate transfers, a "written demand" must be made upon the personal representative and then a proceeding to recover those nonprobate assets must be commenced within 1 year of the decedent's death.

*In re Estate of Lorenz*, 22 Neb. App. at 568, 858 N.W.2d at 245.

Theresa argued that Alice failed to make a written demand upon Theresa to recover any POD transfers within 1 year of William's death. Alice argued sufficient written demand had been made by filing her claims against the estate and by timely filing a proceeding to establish the claims when they were disallowed. She asserted that once her claims were filed, Theresa knew the estate's assets would be insufficient to pay Alice's alimony claim, which was in fact evidenced by the present insolvent condition of the estate.

The Court of Appeals found that Alice had filed separate statements of claim for each obligation owed to her by the estate: a property settlement in the amount of $1,189.65 plus interest, delinquent alimony of $6,000 plus interest, and future alimony of $2,000 per month for life. These claims were filed on August 30, 2010, within 6 months of William's death on February 20, and put Theresa on notice of the obligations allegedly due Alice. Although the claims, by themselves, made no reference to § 30-2726 or the need to recover nonprobate assets, the Court of Appeals noted that Alice also filed the petition within 1 year of William's death, which sought the appointment of a special administrator because of "significant dissipation of assets" and Theresa's "conflict of interest to properly administer and/or preserve the estate, including but not limited to collecting assets belonging to the [e]state."

The Court of Appeals concluded that Alice's filing of her claims—when considered along with the filing of her petition—set forth sufficient written demand to put Theresa on notice that nonprobate transfers might need to be collected

for the estate to meet its obligations to Alice. Because the three claims and petition were filed within 1 year of William's death, it found the county court erred in concluding that Alice's written demand was not timely.

The Court of Appeals next addressed who could bring such an action once a written demand was made upon the personal representative. It concluded that only the personal representative had standing to bring such action against those beneficiaries and that as such, it was the duty of the personal representative to bring such action to recover nonprobate transfers pursuant to § 30-2726 when a timely written demand has been made.

The Court of Appeals concluded that by the time the matter was heard before the county court, it was too late for either the personal representative or an appointed special administrator to commence an action to recover the POD funds. Thus, it concluded that although the county court erred, there was no basis to appoint the special administrator, because more than 1 year had passed since William's death. The Court of Appeals reversed the county court's dismissal with prejudice insofar as it may have precluded any future effort to appoint a special administrator for reasons other than commencement of an action under § 30-2726 to recover POD funds.

In summary, the Court of Appeals concluded that there was no basis to appoint a special administrator but that the dismissal of Alice's request should have been without prejudice. It therefore modified the county court's order accordingly. Theresa moved for a rehearing, which motion was overruled. We granted Theresa's petition for further review.

## PETITION FOR FURTHER REVIEW

In her petition for further review, Theresa assigns three errors, all of which relate to the issue of the special administrator. She claims that the Court of Appeals erred in reversing the county court's determination that Alice did not make a timely written demand under § 30-2726(b) and in concluding that her

claims and petition were a sufficient written demand under the statute. Theresa claims that the Court of Appeals erred in modifying the dismissal of Alice's request for the appointment of a special administrator to be without prejudice. Theresa claims that the Court of Appeals erred in concluding that Alice's request for the appointment of a special administrator did not need to follow the two-step procedure of *In re Estate of Cooper*, 275 Neb. 322, 746 N.W.2d 663 (2008). Alice has not filed a cross-petition.

## ANALYSIS

We first focus on the Court of Appeals' conclusion that Alice's statement of claims, along with her petition for allowance of those claims and request for appointment of a special administrator, was in effect a written demand that put Theresa on notice that nonprobate transfers may need to be collected for the estate to meet its obligations for future alimony to Alice.

Section 30-2726 provides in relevant part:

(a) If other assets of the estate are insufficient, a transfer resulting from a right of survivorship or POD designation . . . is not effective against the estate of a deceased party to the extent needed to pay claims against the estate . . . .

(b) A surviving party or beneficiary who receives payment from an account after death of a party is liable to account to the personal representative of the decedent for a proportionate share of the amount received to which the decedent, immediately before death, was beneficially entitled under section 30-2722, to the extent necessary to discharge the amounts described in subsection (a) of this section remaining unpaid after application of the decedent's estate. A proceeding to assert the liability for claims against the estate . . . may not be commenced unless the personal representative has received a written demand by . . . a creditor . . . . The

proceeding must be commenced within one year after death of the decedent.

The question is whether Alice's claims and her petition to allow the claims, none of which mentioned § 30-2726(b), constituted the written demand required by § 30-2726(b). Theresa argues that Alice's petition was not a demand upon the personal representative to do anything, much less a demand to recover nonprobate assets. She argues that it was simply a request upon the court for the appointment of a special administrator to generally administer the estate and not a specific request to recover nonprobate assets. Hence, Theresa asserts there was no written demand as required upon the personal representative.

Theresa further asserts that rather than considering whether any written communication from Alice to Theresa constituted an actual explicit demand to recover nonprobate assets, the Court of Appeals instead erroneously found that Alice's statements of claim, together with the petition, were sufficient to put Theresa on notice that nonprobate transfers might need to be collected for the estate to meet its obligations to Alice. Theresa argues that pursuant to our holdings in *In re Estate of Feuerhelm*, 215 Neb. 872, 341 N.W.2d 342 (1983), and *J.R. Simplot Co. v. Jelinek*, 275 Neb. 548, 748 N.W.2d 17 (2008), giving notice of a potential claim or demand is not itself a claim or demand.

In *In re Estate of Feuerhelm, supra*, we held that mere notice to a representative of an estate regarding a possible demand or claim against an estate did not constitute presenting or filing a claim under the relevant statute. In *J.R. Simplot Co. v. Jelinek, supra*, we reaffirmed our holding in *In re Estate of Feuerhelm* and concluded that a party's filing entitled "demand for notice" was, at most, notice to a representative of an estate regarding a possible demand or claim against the estate, but did not qualify as a statement of claim.

Alice argues that the facts in this case are different from those in *In re Estate of Feuerhelm* and *Jelinek*. She asserts that

Theresa had knowledge of the alimony award and absolute personal knowledge of William's assets, including how they were held from the time of the dissolution of marriage to the date of his death. Theresa was William's attorney in fact pursuant to a durable power of attorney that had been activated by William's doctor's certification that he was not mentally capable of handling his affairs. She claims that Theresa controlled all the assets prior to William's passing, including into which accounts those assets were deposited. It was Theresa who decided what assets would be subject to estate administration on William's passing.

Alice asserts that the Court of Appeals has properly concluded that her filing of claims, particularly when considered along with her petition for appointment of a special administrator, set forth sufficient written demand to have put Theresa on notice that nonprobate transfers might need to be collected for the estate to meet its obligations to Alice. Because Theresa had intimate knowledge of the disposition of the POD accounts to herself and her siblings, Alice asserts that this demand could not have come as a surprise to Theresa.

We disagree with the Court of Appeals' conclusion that Alice's filing of her claims and petition for allowance of those claims was sufficient written demand under § 30-2726. The purpose of the statute is to alert the personal representative of the need to recover nonprobate assets and to trigger the personal representative's duty and authority to initiate proceedings to do so. Additionally, it protects the beneficiaries of such nonprobate assets from incurring liability for claims made against the estate more than 1 year after the death of the decedent.

Given the facts of this particular case, we have no doubt that Theresa knew that nonprobate transfers may need to be collected in order for the estate to meet its obligations to Alice. But whether Theresa had notice of this fact is not the issue, because the statute requires more than notice—it requires a written *demand* upon the personal representative

before a proceeding to recover nonprobate assets may be commenced. Alice's statement of claims and petition for allowance of those claims made no demand of Theresa to initiate such proceedings. Thus, we agree with the county court that Alice failed to make a timely written demand as required under § 30-2726, and we reverse the decision of the Court of Appeals to the contrary.

Although our reasoning differs substantially, we agree with the Court of Appeals' ultimate conclusion that Alice's request for the appointment of a special administrator was properly dismissed by the county court. However, we disagree with the Court of Appeals' modification of the dismissal to be without prejudice. The dismissal with prejudice applies only to Alice's request for the appointment of a special administrator for the purpose of commencing an action under § 30-2726 and would not prevent Alice from requesting a special administrator on some other basis in the future. Therefore, it was not necessary for the Court of Appeals to modify the county court's order.

Finally, Theresa claims the Court of Appeals erred in reversing the county court's determination that Alice's petition for a special administrator did not follow the proper procedure. The Court of Appeals concluded that because a personal representative and a special administrator can coexist, Alice was not required to petition to suspend or remove Theresa as a prerequisite to filing a petition for the appointment of a special administrator. The Court of Appeals found that § 30-2457 permitted a special administrator to be appointed after notice when a personal representative cannot or should not act and also permits the appointment of a special administrator without notice when an emergency exists.

The Court of Appeals found nothing in § 30-2457 which stated that a personal representative must be suspended or removed prior to the filing of an application to appoint a special administrator. It noted that this two-step process may not always be necessary and that numerous situations could arise

wherein an interested person would want a special administrator to be appointed to deal with specific issues that the personal representative cannot or should not handle, even though the personal representative is otherwise fully capable of handling the rest of the estate's administration.

We have not specifically addressed whether the petition must ask for the removal of the personal representative and the appointment of a special administrator as a prerequisite to such appointment. However, because we find that Alice failed to make a timely written demand under § 30-2726(b) and that her request to appoint a special administrator on this basis should be dismissed with prejudice, we decline to consider whether Alice followed the proper procedure for appointment of a special administrator.

For the reasons set forth above, we affirm the decision of the Court of Appeals in part and in part reverse, and we remand the cause with directions to affirm the order of the county court, which determined that Alice did not make a timely written demand as required by § 30-2726(b), and to affirm the order of the county court, which dismissed with prejudice Alice's request for the appointment of a special administrator.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.